WARD and another, Respondents, vs. SMITH and another, Appellants.

*November 14—December 4, 1917.*

*Statutes: Implied repeal: Construction of repugnant provisions: New trial: When motion to be decided: Loss of jurisdiction: Waiver of statutory requirements.*

1. Implied repeals are not favored, and unless an intent to displace a prior statute by a later one is clearly indicated effect should, if possible, be given to both.

2. In the absence of some unmistakable indication to the contrary, each chapter of the statutes should be held to prevail as to its own subject matter; and a special provision relating to a particular matter should, if it can reasonably be done, be held controlling on that particular subject as against a later general provision which in letter is repugnant thereto.

3. Sec. 113.10, Stats. (Laws 1913, ch. 592), did not supersede or repeal sec. 2878, Stats. The words "all other matters" in said sec. 113.10 were intended to refer to all other matters dealt with in the act of 1913 and not therein specially prescribed for, and were not intended to modify the provision of sec. 2878 that a motion for a new trial on the minutes of the judge, if made but not decided during the trial term, shall be taken as overruled.

4. If a motion for a new trial on the judge's minutes is made but not decided at the trial term, the circuit court has no jurisdiction to grant such motion after the term unless the requirement of sec. 2878, Stats., has been expressly or impliedly waived by counsel.

5. The mere fact that when a motion for a new trial on the judge's minutes was submitted during the trial term counsel did not insist upon a decision being rendered before the expiration of the term, does not show a waiver of the requirement of sec. 2878, Stats.

6. Where defendants' counsel, upon being advised that a motion by plaintiff for a new trial would be granted after the trial term, made some suggestion as to the form of the order but expressly stated that they did so "without waiver of any of defendants' rights in the premises," and afterwards, before the order was entered, notified the judge that the provision of the statute would be insisted upon, there was no waiver of such provision.

APPEAL from an order of the circuit court for Wood county: BYRON B. PARK, Circuit Judge. *Reversed.*

The order appealed from was one setting aside a verdict and granting a new trial. The motion was made on the minutes of the court under sec. 2878, Stats. There was considerable delay, without fault of appellants' counsel, in submitting the motion for decision. It was finally submitted fifteen days before the expiration of the trial term. Some time after expiration of the term counsel for appellants were advised that an order would be entered granting the motion. They then made some suggestion to the circuit judge as to the contents of the order, expressly notifying him that they did so "without waiver of any of defendants' rights in the premises." Later, and before entry of the order, they notified the judge that they would claim a want of jurisdiction to grant the motion, by failure to determine the matter within the trial term.

In view of the decision reached, as indicated in the opinion, no statement of the case upon the merits is necessary.

For the appellants there was a brief by *Goggins, Brazeau & Goggins* of Grand Rapids, and oral argument by *B. R. Goggins*.

For the respondents there was a brief by *D. D. Conway* of Grand Rapids, attorney, and *Grady & Farnsworth* of Portage, of counsel, and oral argument by *W. H. Farnsworth*.

MARSHALL, J. Did the circuit court lose jurisdiction to grant the motion to set aside the verdict and order a new trial by failure to determine the matter within the trial term? Counsel for appellants so contend and the question is ruled that way by sec. 2878, Stats., and the decisions in respect thereto (*Second Nat. Bank v. Smith,* 118 Wis. 18, 94 N. W. 664; *Kurath v. Gove A. Co.* 144 Wis. 480, 129 N. W. 619) unless the requirement under such section was waived by counsel, which they were competent to do, expressly or impliedly (*Second Nat. Bank v. Smith, supra*), or such requirement was abrogated by ch. 592, Laws 1913, now found at sec. 113.10, Stats. That provides generally,

after providing for reviewing judgments and orders made during a term, that "all other matters pending and undisposed of at the end of a term shall be continued by law, and may be considered and disposed of at the next or later term with the same effect as if disposed of at the term at which they were instituted." The act of 1913, in its letter, includes such matters as the one in question. It is general in its nature and is part of ch. 113, dealing with the subject of "Circuit courts." Sec. 2878 relates to the special matter of "Motions for new trials on the minutes of the judge" and is in the chapter dealing with the subject of "Issues, trials and judgments." The later act does not contain any repealing clause nor anything indicating a legislative purpose to supersede sec. 2878. In that situation there are a few familiar principles which point the way to a correct conclusion as to whether the later enactment was intended to supersede such section. If the question suggested must be answered in the affirmative, it is upon the ground of implied repeal. Repeals of that nature are not favored. *State ex rel. Milwaukee v. Milwaukee E. R. & L. Co.* 144 Wis. 386, 395, 129 N. W. 623; *Madison v. Southern Wis. R. Co.* 156 Wis. 352, 146 N. W. 492. If no purpose to repeal the existing law by a new enactment is clearly indicated, the court should, if possible, give effect to both. In other words, it must not be supposed that the legislature intended, by the later statute, to repeal the prior one, unless the last statute is so broad in its terms and so clear and explicit in its words as to show that it was intended to cover the whole subject and therefore displace the prior statute. *State ex rel. Marinette, T. & W. R. Co. v. Tomahawk Common Council,* 96 Wis. 73, 71 N. W. 86. In the absence of some unmistakable indication to the contrary, each chapter of the statutes should be held to prevail as to its own subject matter and, in case of a special provision relating to a particular matter and a later general one in its letter repugnant thereto, the former should be held to prevail

if by any reasonable construction that result can be reached, and to that end the special provision relating to the particular subject should, if that can reasonably be done, be regarded as controlling the general one. *Woodbury v. Shackleford,* 19 Wis. 55; *Schieve v. State,* 17 Wis. 253; *State ex rel. Marinette, T. & W. R. Co. v. Tomahawk Common Council, supra.*

Now it seems that, within the principles stated, we can reasonably, and should, hold that the words "all other matters" in the act of 1913 were intended to refer to all other matters dealt with in such act not therein specially prescribed for.

It seems that the idea of the act of 1913, having been intended to supersede sec. 2878, is unmistakably negatived by the fact that not only does it not contain any general repealing clause, or special one covering the subject, but the title recites, as the main purpose, that of revising ch. 113, and then specifies in much detail, particular matters, including repeal of various sections of the statutes and numerous session laws dealing with circuit courts, without the remotest reference to the section in question or the subject thereof. The legislature doubtless proposed to thus set forth the full scope of the act.

From the foregoing it is considered that there was no intention, by the act of 1913, of changing sec. 2878. That conclusion is supported by what follows. In the decision of *Koenig v. Sproesser,* 161 Wis. 8, 152 N. W. 473, decided some time after the passage of such act, sec. 2878 was referred to as ruling the question of whether such a motion as the one in question must be determined during the trial term. To hold, as counsel for respondents now contend and as the trial court regarded the law to be, would require overruling such decision.

That the legislature, in dealing with sec. 2878 subsequent to the act of 1913, regarded it as not affected by such act, is

manifest by ch. 477, Laws 1917. Such section was there referred to as in full effect, was materially amended and re-enacted. It follows that the trial court, by not deciding the motion in question within the trial term, lost jurisdiction to grant it unless counsel for appellants waived their right in respect to the matter.

It is not claimed that there was any express waiver in the case. If counsel did not do anything inconsistent with insisting upon the requirement of the statute, there was no implied waiver. The fact that they did not expressly insist, when the motion was submitted, upon a decision being rendered before the expiration of the term, does not show waiver. *Kurath v. Gove A. Co.* 144 Wis. 480, 129 N. W. 619. Counsel had a right to presume that if time beyond the expiration of the term would be required by the judge in order to enable him to consider the matter, he would provide therefor by continuing the time. He stated in a memorandum filed with the order that the delay was not owing to any fault on the part of counsel for appellants. Had they asked for the delay over the term, as in *Second Nat. Bank v. Smith,* 118 Wis. 18, 94 N. W. 664, the case would be different.

It is claimed that counsel for appellants waived the requirement of the statute by, after being advised that the motion would be granted, making some suggestion as to the form of the order. That there was no thought of waiving anything thereby is clearly indicated by the fact that in connection with making the suggestion the circuit judge was notified that it was made without "waiver of any of defendants' rights in the premises" and later, before the order was entered, the judge was notified that the provision of the statute would be insisted upon.

On the whole record we are unable to discover any sound basis for the claim that defendants waived their right, which they now insist upon. Their counsel did not, at any time,

do anything or neglect to do anything inconsistent with the position they now take.

It follows from what has been said that the order appealed from is fatally defective for want of jurisdiction to make it.

*By the Court.*—The order is reversed, and the cause remanded for further proceedings according to law.