NOTBOHM, Appellant, vs. PALLANGE, Respondent.

*November 6—December 3, 1918.*

*New trial: Constructive denial of motion: Appealable orders: Jurisdiction: Supreme court: Superintending control over inferior courts.*

1. Under sec. 2878, Stats. 1917, the constructive denial of a motion for new trial, resulting from failure to decide such motion within sixty days after the verdict, has the same effect as a formal order of denial; but such an order is not appealable.
2. Where the sixty days after verdict expired without extension of the time by order and without waiver, a subsequent formal order granting the motion was a nullity, the court having no jurisdiction to grant or to proceed with a new trial, but only to proceed to judgment.
3. The superintending control over inferior courts, vested in the supreme court, provides an ample and speedy remedy where a trial court fails to perform an imperative duty and there is no adequate remedy by appeal.

MOTION to dismiss an appeal. The action was for breach of promise of marriage and was tried before a jury, which returned a special verdict deciding the issues in plaintiff's favor May 23, 1918, and assessing her damages at six cents. A motion for new trial on the minutes of the court was thereafter made by the plaintiff which was not decided by the trial judge until July 30th, when a written decision was filed to the effect that the verdict be set aside for inadequacy of the damages and that a new trial be granted. The court had not by order extended the time for the hearing and decision of the motion, nor had there been any waiver by the attorneys in the case of the provision of sec. 2878, Stats. 1917, requiring the motion to be made, heard, and decided within sixty days after rendition of the verdict, and if not

that it "shall be taken as overruled." The plaintiff appeals from the "constructive denial" of her motion for new trial resulting from the failure to decide the motion for a new trial within sixty days after the verdict, and the defendant moves to dismiss that appeal.

*H. K. Curtis* of Milwaukee, for the motion.

*Benjamin Poss* of Milwaukee, *contra.*

PER CURIAM. It is clear that under the provisions of sec. 2878, Stats. 1917, the constructive denial of the motion for new trial, resulting from the failure to decide the same within sixty days after the rendition of the verdict, became an order denying the motion, of like effect as a formal order of denial. The statute, however (sec. 3069, Stats. 1917), gives no appeal from an order denying a motion for a new trial, and this court cannot give an appeal where the statute gives none.

Some suggestion was made that by reason of the subsequent formal order granting a new trial the constructive denial could not be followed by judgment and became in effect an order determining the action and preventing a judgment, hence an appealable order within the first subdivision of sec. 3069, *supra.*

Not so, however. If the sixty days expired without extension of the time by order and without waiver there was no jurisdiction to grant the motion (*Ward v. Smith,* 166 Wis. 342, 165 N. W. 299), and the trial court will have no jurisdiction to proceed with a new trial, but only to proceed to judgment on the verdict.

The power of superintending control vested in this court provides an ample and speedy remedy where the trial court fails to perform an imperative duty and there is no adequate remedy by appeal. *State ex rel. Fourth Nat. Bank v. Johnson,* 103 Wis. 591, 79 N. W. 1081; *State ex rel. Mitchell v. Johnson,* 105 Wis. 90, 80 N. W. 1104.

*Appeal dismissed.*