BANKERS FINANCE CORPORATION, Respondent, vs. CHRISTENSEN, Appellant.

*September 18—October 16, 1923.*

*New trial: Time within which order may be made.*

1. Under sec. 2878, Stats., it was error for the court, more than sixty days after a verdict was rendered, to set it aside on motion and order a new trial, where no order had been made extending the time for hearing the motion.

2. Where the court failed to extend the time and the defendant filed his briefs within the sixty days and did nothing inconsistent with his right to insist on compliance with the statute, there was no implied waiver on his part.

APPEAL from an order of the municipal court of Brown county: N. J. MONAHAN, Judge. *Reversed.*

This was an action on a promissory note for $285. The defense was forgery. The jury found in favor of the de-

fendant. The usual motions were then seasonably made. The defendant moved for judgment; the plaintiff moved on the minutes of the court (1st) to change the answer in the special verdict; (2d) for judgment notwithstanding the verdict; and (3d) in the event the first two motions should be denied, for a new trial. The verdict of the jury was rendered December 14, 1922. Defendant's motion was made on December 26, 1922. The plaintiff's motions were made on January 3, 1923. Arguments were had on January 3d, and the parties were given leave to file briefs. Plaintiff's brief was served on January 13th. Defendant's brief was served on January 22d. Plaintiff's reply brief, filed pursuant to permission given by the court, was served January 31, 1923. Defendant's reply brief was served February 5, 1923. The plaintiff's attorney then asked the court for time to prepare and file a second reply brief, which request was granted by the court and the brief was served February 14, 1923. The sixty days from rendition of the verdict expired February 12, 1923. On March 5, 1923, the court passed upon the motions; denied the defendant's motion for judgment; denied the plaintiff's motion to change the answer to the question of the special verdict from "No" to "Yes" and for judgment upon the verdict as so amended; denied plaintiff's motion for judgment notwithstanding the verdict, and granted plaintiff's motion to set aside the verdict of the jury and for a new trial. From the order entered pursuant thereto this appeal is taken.

For the appellant there was a brief by *Minahan, Minahan, Minahan & Duquaine,* and oral argument by *Arthur A. Thiele,* all of Green Bay.

*John V. Diener* of Green Bay, for the respondent.

ROSENBERRY, J. It is the contention of the defendant in this case that the court had no jurisdiction to set aside the verdict on the 5th day of March, the time within which such action was permitted having expired February 12, 1923, the

court having made no order extending the time for cause. Defendant relied upon the provisions of sec. 2878, Stats., the material part of which is as follows:

"The judge before whom the issue is tried, may, in his discretion, entertain a motion to be made on his minutes, to set aside a verdict and grant a new trial upon exceptions or because the verdict is contrary to law or contrary to evidence, or for excessive or inadequate damages; but such motion if heard upon the minutes must be made and heard within sixty days after the verdict is rendered, unless the court by order shall extend such time for cause."

Failure of the trial court to act within sixty days from the date of the rendition of the verdict deprived the court of jurisdiction to set aside the verdict. *Ward v. Smith,* 166 Wis. 342, 165 N. W. 299; *Notbohm v. Pallange,* 168 Wis. 225, 169 N. W. 557, and cases cited.

The plaintiff concedes this to be true unless the time was extended or the provisions of the statute were waived by the defendant. It is apparent from the record that the court and both parties proceeded without regard to the effect of this statute. After reciting the facts in regard to the filing of briefs as hereinbefore stated, the court said:

"Now, this court didn't have in mind this particular statute or any other statute at the time he granted permission to the counsel for extension of time in order to file their briefs. This court was under the impression that it was simply a continuing order staying proceedings."

A careful examination of the record does not disclose any order of the court which, by any reasonable construction or interpretation, can be held to be an order extending the time under sec. 2878 for cause shown. The plaintiff further contends that the defendant waived the provisions of the statute. The defendant filed his briefs within the sixty days. He did nothing inconsistent with his right to insist upon a compliance with the statute. Under such circum-

stances there is no implied waiver. *Ward v. Smith,* 166 Wis. 342, 165 N. W. 299.

The statute was intended to expedite the progress of litigation and to prevent long and unreasonable delays by trial courts in acting upon motions after verdict. While it operates harshly in this case, we are not disposed to adopt a construction which would emasculate it or to further extend the rule relating to implied waiver.

*By the Court.*—Order appealed from is reversed, with directions to enter judgment for defendant on the verdict.