PROKOPOVITZ, Appellant, vs. CARL MANTHEY & SONS COMPANY, Respondent.

*September 18—October 16, 1923.*

*New trial: Time within which order may be made: Extension: Order of court.*

Where the sixty days limited for a decision on a motion for a new trial by sec. 2878, Stats., has expired, and no order was granted extending the time, the trial court has no jurisdiction to grant a new trial. (In this case the motion for a new trial should have been denied on the merits.)

APPEAL from an order of the circuit court for Brown county: HENRY GRAASS, Circuit Judge. *Reversed.*

*Sol. P. Huntington* of Green Bay, for the appellant.

For the respondent there was a brief by *Cady, Strehlow & Kaftan* of Green Bay, and oral argument by *Robert A. Kaftan.*

OWEN, J. This action was brought to recover a commission for the sale of a cemetery monument. The trial was begun April 19, 1922, resulting in a special verdict favor-

able to the plaintiff.    Plaintiff moved for judgment on the verdict.    The defendant made several alternative motions, upon the minutes of the judge, for judgment notwithstanding the verdict, for changes in the special verdict, and, finally, if all previous motions be denied, for a new trial, because the special verdict as submitted did not properly include the issues.    This motion was filed May 1, 1922.    On November 13, 1922, the trial judge filed an opinion in which he reached the conclusion that the defendant was entitled to a new trial, and on January 5, 1923, an order granting a new trial was signed by the trial judge, which order was filed with the clerk January 8, 1923.    The plaintiff appeals from the order granting a new trial and urges its reversal on the ground that the trial court was without jurisdiction to order a new trial.

Sec. 2878, Stats., requires that a motion for a new trial based on the minutes of the judge must be made and heard within sixty days after the verdict is rendered unless the court by order shall extend such time for cause.    If the motion be not decided within the sixty days or within such time as the court shall have fixed in such extension, then such motion shall be taken as overruled and an exception to such constructive denial of the same shall be allowed in the bill of exceptions.

In this case no order extending the time beyond the period of sixty days after the verdict is disclosed in the record and, in fact, it is not pretended that such an order was made. The court made no decision of the motion until November 13, 1922, long after the sixty-day period had expired, and under the plain provisions of sec. 2878 the court had no jurisdiction to grant a new trial.    *Ward v. Smith,* 166 Wis. 342, 165 N. W. 299; *Notbohm v. Pallange,* 168 Wis. 225, 169 N. W. 557; *Bankers Finance Corp. v. Christensen, ante,* p. 398, 195 N. W. 319, decided herewith.

For this reason, and for the further reason that an exam-

ination of the record convinces us that the motion for a new trial should have been denied on its merits, the order must be reversed, and the cause remanded with directions to enter judgment in favor of the plaintiff upon the special verdict.

*By the Court.*—So ordered.