LINGELBACH, Respondent, vs. CARRIVEAU and another, Appellants.

*March 9—June 6, 1933.*

654

The cause was submitted for the appellants on the brief of *Allan V. Classon* of Oconto, and for the respondent on that

of *Harold W. Krueger* and *Joseph E. Housner,* both of Oconto.

The following opinion was filed April 11, 1933:

NELSON, J. Although the defendants assert and argue several assignments of error relating to the merits, and although the plaintiff moves for a review of the action of the court in constructively denying plaintiff's motions to set aside the verdict and for a new trial, we are confronted at the very outset with a record which reveals that the jury rendered its verdict on November 18, 1931; that motions after verdict were thereafter promptly made by both parties; that no order extending the time for cause beyond the period expiring sixty days after the verdict was rendered, and that the order granting a new trial was not made or entered until August 5, 1932.

Sec. 270.49 (1), Stats., provides as follows:

"The judge before whom the issue is tried, may, in his discretion, entertain a motion to be made on his minutes, to set aside a verdict and grant a new trial upon exceptions or because the verdict is contrary to law or contrary to evidence, or for excessive or inadequate damages or in the interests of justice; but such motion if heard upon the minutes must be made and heard within sixty days after the verdict is rendered, unless the court by order shall extend such time for cause. When such motion is heard and decided upon the minutes of the judge and an appeal is taken from the decision, a bill of exceptions must be settled in the usual form, upon which the argument of the appeal must be had. If such motion be made, but not decided during said sixty days or within such time as the court shall have fixed in such extension, then such motion shall be taken as overruled, and an exception to such constructive denial of the same shall be allowed in the bill of exceptions."

It has been repeatedly held that the failure of the judge to decide motions after verdict within the time fixed by statute, without extending the time by order and for cause,

results in a constructive denial of such pending motions at the expiration of the sixty-day period, and the court has no jurisdiction to proceed with a new trial and can only proceed to judgment upon the verdict. *Notbohm v. Pallange,* 168 Wis. 225, 169 N. W. 557; *Bankers Finance Corp. v. Christensen,* 181 Wis. 398, 195 N. W. 319; *Prokopovitz v. Carl Manthey & Sons Co.* 181 Wis. 401, 195 N. W. 402; *Brown v. Gaulke,* 191 Wis. 347, 210 N. W. 687; *Borowicz v. Hamann,* 189 Wis. 212, 207 N. W. 426; *S. C.* 193 Wis. 324, 214 N. W. 431.

Since there was no order of the court extending the time beyond the sixty-day period for cause, there was, at the end of said time, a constructive denial of the several motions including the plaintiff's motion for a new trial, and the judge therefore had no authority or jurisdiction to render an order granting a new trial on August 5, 1932. Such constructive denial, by virtue of the statute, had all of the force and effect of an actual denial of the motions. Neither an order denying a motion for a new trial nor a constructive denial thereof is appealable. *Brown v. Gaulke, supra; Borowicz v. Hamann, supra.*

While an order granting a new trial is appealable under sec. 274.33, Stats., and *Borowicz v. Hamann, supra,* an appeal from a void order granting a new trial will be entertained by this court only for the purpose of reversing the void order. *Brown v. Gaulke, supra; Borowicz v. Hamann, supra,* and cases cited therein.

The trial judge seems to have been of the opinion that acquiescence by attorneys in the failure of a judge to decide a motion for a new trial until long after the expiration of the sixty-day period is sufficient to confer jurisdiction upon him to grant such motion. We have found no decision supporting such opinion. In *Second Nat. Bank v. Smith,* 118 Wis. 18, 94 N. W. 664, it was held that defendant's attorneys, by specifically requesting the judge, who was ready to hand

down his decision, to delay from July 3d to July 7th (which carried the matter over the term), because the defendant's attorneys wished to be present at the time the decision was handed down and could not be present prior to July 7th, waived the statute as it then existed (sec. 2878). There are subsequent cases in which the doctrine of waiver has been mentioned. *Ward v. Smith,* 166 Wis. 342, 165 N. W. 299; *Notbohm v. Pallange, supra; Bankers Finance Corp. v. Christensen, supra.* In the last mentioned case it was held that granting further time to the plaintiff in which to file his brief did not of itself operate to extend the time. Wh'le waiver in this connection has been referred to, no waiver has been recognized since the decision in *Second Nat. Bank v. Smith, supra.* The purpose of this statute is to expedite the progress of litigation and to prevent long and unreasonable delays by trial courts in acting upon motions after verdict. *Bankers Finance Corp. v. Christensen, supra; Borowicz v. Hamann, supra.*

Since it clearly appears that the order granting a new trial was absolutely void we can entertain this appeal only for the purpose of reversing the order. We therefore can give no consideration to the questions raised by the parties which relate to the merits of the several motions after verdict.

*By the Court.*—Order reversed, with directions to enter judgment on the verdict in favor of the defendants, dismissing the plaintiff's complaint and also defendants' counterclaim.

The following opinion was filed June 6, 1933:

PER CURIAM (*on rehearing*). The plaintiff, in his brief for rehearing, complains, among other things, of the mandate of this court. It was held in the original opinion that the judge who tried the case was without authority or juris-

diction to render an order granting a new trial on August 5, 1932, nearly eight months after verdict. Although it was specifically stated in the opinion that this court could entertain the appeal only for the purpose of reversing the order, the mandate nevertheless reversed the order and inadvertently directed that judgment be entered on the verdict in favor of the defendants, dismissing the plaintiff's complaint and also defendants' counterclaim. Under the established law of this state, applicable to such situations, this court has authority only to reverse the order. *Brown v. Gaulke,* 191 Wis. 347, 210 N. W. 687; *Borowicz v. Hamann,* 189 Wis. 212, 207 N. W. 426.

The former mandate is vacated and the following substituted in its place:

*By the Court.*—Order reversed.