652

BECK, Respondent, vs. WALLMOW and others, Defendants:
SCANLAN and another, Appellants.

*January 10—February 15, 1938.*

For the appellants there was a brief by *Sanborn, Blake & Aberg* of Madison, and *Young, Everson, Ryan & Hanaway* of Green Bay, and oral argument by *Ernest H. Pett* of Madison and *E. L. Everson.*

For the respondent there was a brief by *Jeffris, Mouat, Oestreich, Wood & Cunningham* of Janesville, attorneys, and *F. P. Cornelisen* of Green Bay of counsel, and oral argument by *Mr. Otto A. Oestreich* and *Mr. Cornelisen.*

NELSON, J. In the companion case, *Long v. Wallmow, post,* p. 660, 277 N. W. 704, the trial judge ordered a new trial on the issues raised by the cross complaint of the defendants, Carl Wallmow and Hardware Mutual Casualty Company against Nora Scanlan, executrix of the will of Patrick J. Scanlan, deceased, and Farmers Mutual Automobile Insurance Company. That order was reversed under Rule 32, because neither Wallmow nor his insurance company appeared, filed, or submitted briefs, so the only question

here is whether the order granting a new trial to the plaintiff as against Nora Scanlan, as executrix, and her insurance company, was properly made and entered.

It is undisputed that the jury returned its verdict on January 29, 1937; that the motion for a new trial on the judge's minutes was made on February 2, 1937; that an additional motion for a new trial, based on newly-discovered evidence, was made on February 12, 1937; that the motions were argued on February 20, 1937; and that the stipulation recited in the statement of facts was made in open court on February 20, 1937.

The first question to be determined is whether the trial judge had any power or authority on May 24, 1937, to grant a motion for a new trial, made on his minutes. So much of the controlling statute as is here material is as follows:

"270.49 *Motion for new trial on minutes.* (1) The trial judge may entertain a motion to be made on his minutes, to set aside a verdict and grant a new trial because of errors in the trial or because the verdict is contrary to law or to the evidence, or for excessive or inadequate damages or in the interest of justice; *but such motion must be made and heard within sixty days after the verdict is rendered, unless the court by order made before its expiration extends such time for cause. . . . Such motion, if not decided within the time allowed therefor, shall be deemed overruled. . . .*"

The trial judge did not decide the motions within sixty days after the verdict was rendered nor did he make any order before the expiration of the sixty days extending the time for cause. It is, therefore, clear that the statute was not complied with, and that the motion on the judge's minutes for a new trial should be deemed overruled, unless the stipulation obviated the necessity of complying with the specific terms of the statute. This court has repeatedly held the failure of the judge to decide motions after verdict within the time fixed by the statute, unless the time is extended by order

and for cause, results in a constructive denial of such pending motions at the expiration of the sixty-day period. *Notbohm v. Pallange,* 168 Wis. 225, 169 N. W. 557; *Bankers Finance Corporation v. Christensen,* 181 Wis. 398, 195 N. W. 319; *Prokopovitz v. Carl Manthey & Sons Co.* 181 Wis. 401, 195 N. W. 402; *Brown v. Gaulke,* 191 Wis. 347, 210 N. W. 687; *Borowicz v. Hamann,* 189 Wis. 212, 207 N. W. 426; *S. C.,* 193 Wis. 324, 214 N. W. 431; *Lingelbach v. Carriveau,* 211 Wis. 653, 248 N. W. 117, 248 N. W. 922. In the latter case it was held that the acquiescence of the attorneys in the taking of extra time by the trial judge to decide a motion for a new trial was insufficient to confer jurisdiction upon him to grant the motion, and, since it appeared that no order extending the time for cause had been made, the motion was deemed overruled as of the end of the sixty-day period. The purposes of the statute have been often stated. See cases, *supra.* If its purposes are to be accomplished, its unambiguous terms must be complied with. Starting with sec. 2878, Stats. 1898, and giving consideration to the several amendments thereto, it is clear that the legislature and this court, in the exercise of its rule-making powers, intended that litigation be expedited and that unreasonable delays in deciding motions after verdict be prevented. The statute clearly provides that the sixty-day period of time may be extended only by order of the trial judge for cause. There is nothing in the statute which provides for an extension of the time by stipulation of the parties. If it should be held that a stipulation of the parties will extend the time without an order of the trial judge for cause, the statute would be greatly weakened and much that it seeks to accomplish would be lost.

The statute is clear and unambiguous. The trial judge may, on his own motion for cause, enter an order extending the time in which to decide the motion. In the administra-

tion of justice many situations will arise which properly may be considered causes for extending the time for hearing and deciding motions after verdict. It is clearly within the power of a trial judge to act in such situations. But the trial judge's action should be evidenced by an effective order. If the sixty-day period is about to expire, and the interested attorney feels that the trial judge may inadvertently overlook the statute, he may call the attention of the trial judge to the fact that the sixty-day period is about to expire, to the end that the time may be extended by proper order if the motions cannot be decided within the statutory time. While there may be some incongruity in a situation where an attorney enters into a stipulation which proves to be ineffective because the trial judge makes no order, and thereafter receives for his client whatever benefit the statute confers on deeming the motions overruled, we cannot let that control our decision in construing the plain language of the statute.

Although the trial judge granted a new trial in the interest of justice, the record reveals that the granting of the motion was based upon an affidavit of Orville Cottrell, one of the plaintiffs in the companion action, brought by him against Carl Wallmow and his insurance company, in which he stated, in substance, that he had sworn falsely as a witness upon the trial as to the speed at which the Scanlan automobile, in which he was riding, was being driven at and just before the collision. It appears from the record that Cottrell was examined adversely before trial, and testified at that time that he could not say how fast Mr. Scanlan was driving as he approached the intersection where the collision occurred; that he had driven a car and was familiar with speeds; that he should say that the speed of Mr. Scanlan's car was thirty-five to forty miles an hour. Upon the trial he gave similar testimony, and admitted that his testimony given upon the adverse examination was according to his best rec-

ollection and was true. It has been held by this court that a statement or admission by a witness that he committed perjury upon the trial of a cause is not a ground for a new trial, based on newly-discovered evidence. Such evidence is not newly-discovered evidence but newly-discovered perjury. *Loucheine v. Strouse*, 49 Wis. 623, 6 N. W. 360; *Keeley v. Great Northern R. Co.* 139 Wis. 448, 121 N. W. 167; 46 C. J. p. 231, § 186. The showing made by the affidavit of Cottrell was to the effect that just prior to the collision Scanlan was operating his automobile at a speed exceeding fifty-nine miles per hour. In explanation of his false testimony, he asserts in his affidavit that he so testified because the members of the Scanlan family requested and entreated him to do so. Upon the hearing held on the motion, three members of the Scanlan family vigorously denied the making of any such request or entreaties. In addition to this, the undisputed physical facts tend strongly to show that Cottrell's assertion that the Scanlan car was being driven at a speed of more than fifty-nine miles per hour at the time of the collision, is most improbable and quite incredible. So, even though it be considered that the plaintiff's motion for a new trial is based on newly-discovered evidence, the trial judge, in our opinion, clearly abused his discretion in granting a new trial for that reason. We do not intend to hold that a trial judge may never grant a new trial in the interest of justice where it clearly appears that a material witness has sworn falsely.

*By the Court.*—Order reversed.