URBAN, Appellant, vs. ANDERSON and others, Respondents.

*March 12—April 9, 1940.*

For the appellant there was a brief by *O'Melia & Kaye* of Rhinelander, and oral argument by *A. J. O'Melia.*

For the respondents there was a brief by *Dougherty, Arnold & Kivett,* attorneys, and *A. W. Kivett* and *M. H. Keelan* of counsel, all of Milwaukee, and oral argument by *Mr. Kivett* and *Mr. Keelan.*

ROSENBERRY, C. J.   The first question presented by this record relates to the power of the court to modify the order of July 18th by the orders entered, respectively, on July 31 and August 24, 1939.   The motion for a new trial was based upon the minutes of the judge and is authorized by sec. 270.49 (1), Stats.   By that subsection it is provided:

"(1) The trial judge may entertain a motion to be made on his minutes, to set aside a verdict and grant a new trial because of errors in the trial or because the verdict is contrary to law or to the evidence, or for excessive or inadequate damages or in the interest of justice; *but such motion must be made and heard within sixty days after the verdict is rendered, unless the court by order made before its expiration extend such time for cause. . . .*"

Since 1917 it has been consistently held that the trial court is without jurisdiction to set aside a verdict and order a new trial after the expiration of the sixty-day period unless an order has been made extending the time for cause.   *Ward v. Smith* (1917), 166 Wis. 342, 165 N. W. 299; *Notbohm v. Pallange* (1918), 168 Wis. 225, 169 N. W. 557; *Bankers Finance Corp. v. Christensen* (1923), 181 Wis. 398, 195 N. W. 319; *Prokopovitz v. Carl Manthey & Sons Co.* (1923) 181 Wis. 401, 195 N. W. 402; *Borowicz v. Hamann* (1926), 189 Wis. 212, 207 N. W. 426; *Brown v. Gaulke* (1926), 191 Wis. 347, 210 N. W. 687; *Beck v. Wallmow* (1938), 226 Wis. 652, 277 N. W. 705; *Beck v. Fond du Lac Highway Committee* (1939.), 231 Wis. 593, 286 N. W. 64.

The precise question presented by the record in this case has so far as we have been able to discover not been dealt with by this court. In this case an order was made within the sixty-day period which was complete so far as the substantive rights of the parties were concerned. Without making an order extending the time, and in fact in this case no order could have been made because no cause existed, the court after the expiration of the sixty-day period, revised the order and substantially modified the terms of the order so far as it affects the substantive rights of the parties. So far as the order fixed the time within which the parties might accept or decline the offer, it was purely procedural and no doubt within the competence of the court to make.

Prior to the enactment of ch. 477, Laws of 1917, a motion to set aside a verdict on the minutes of the judge could "only be heard at the same term at which the trial is had." (Sec. 2878, Stats. 1898.) If the motion were made and denied the matter became *res adjudicata*. *Dick v. Williams* (1894), 87 Wis. 651, 58 N. W. 1029. The reason of the rule applies when the motion must be heard and decided within sixty days from the rendition of the verdict. The court having fixed the rights of the parties by order made within the statutory period, it had no jurisdiction to modify the substantive rights of the parties after the expiration of that period, no order having been made extending the time in accordance with the statute. There can be no question but that the order of August 24th substantially modified the substantive rights of the parties. It increased the minimum from $2,000 to $3,000 and diminished the maximum from $6,000 to $5,000. The court having no power to make the order of August 24th, the only matter here for consideration is the order of July 18th.

The plaintiff argues on this appeal that a trial court may not reduce the damages found by the jury unless they are so excessive as to show that the jury was misled by prejudice,

passion, ignorance, or bias, and cites *Smalley v. Appleton* (1889), 75 Wis. 18, 43 N. W. 826; *Donovan v. Chicago & N. W. R. Co.* (1896) 93 Wis. 373, 67 N. W. 721; *Wasicek v. M. Carpenter Baking Co.* (1923) 179 Wis. 274, 191 N. W. 503. In this contention it is considered that the plaintiff is in error.

In *McNamara v. McNamara* (1901), 108 Wis. 613, 614, 619, 84 N. W. 901, the court had ordered that "the plaintiff either take $6,000, or a new trial will be granted." The jury had returned a verdict for $11,000. In considering the matter this court said:

"Where it appears with reasonable certainty that the recovery is so excessive as to create the belief that the jury have been misled by 'passion, prejudice, or ignorance,' the trial court may either grant a new trial absolutely, or give the plaintiff the option to remit the improper excess, but the rule is only applicable in cases where it is clear that the perverse conditions mentioned only affected the amount of the recovery. If it appears that the elements of passion and prejudice may have entered into, and probably did affect, the decision of other questions in the case, the court's duty is to grant a new trial absolutely."

See also *Grammoll v. Last* (1935), 218 Wis. 621, 261 N. W. 719.

In this case there is nothing to indicate perversity on the part of the jury if we except the amount of the recovery, and as to that there may well be differences of opinion.

It is quite clear that in a case where the jury has returned a fatally excessive verdict, where the right to recover is clear, the court may deal with the matter whether the error is attributable to perversity, or the amount found by the jury is not supported by the evidence in the case. The whole object and purpose of giving options is to permit the parties to avoid the expense of a new trial. The granting of options is based upon the proposition that the trial court has power to thus deal with a verdict without invading the constitu-

tional rights of either party. *Heimlich v. Tabor* (1905), 123 Wis. 565, 102 N. W. 10. In cases where the amount of damages returned by the jury indicates perversity, passion, or prejudice, the court may deal with the matter if it appears that the perversity, prejudice, or passion did not otherwise affect the findings of the jury.

In *Dimick v. Schiedt* (1935), 293 U. S. 474, 486, 55 Sup. Ct. 296, 79 L. Ed. 603, 95 A. L. R. 1150, 1157, the supreme court of the United States said:

"Where the verdict returned by a jury is palpably and grossly inadequate or excessive, it should not be permitted to stand; but, in that event, both parties remain entitled, as they were entitled in the first instance, to have a jury properly determine the question of liability and the extent of the injury by an assessment of damages. Both are questions of fact. Where the verdict is excessive, the practice of substituting a remission of the excess for a new trial is not without plausible support in the view that what remains is included in the verdict along with the unlawful excess,—in that sense that it has been found by the jury,—and that the *remittitur* has the effect of merely lopping off an excrescence."

There is nothing in this case to indicate perversity, bias, or prejudice on the part of the jury. As an original proposition it does not appear to us from a consideration of the record that the damages found by the jury were excessive, let alone grossly excessive. However, fixing a maximum and minimum was a matter wholly within the discretion of the trial court, and we are unable to say there has been an abuse of discretion.

*By the Court.*—The order of July 18, 1939, the options having been declined by both parties, is affirmed. The appeals from the other orders are dismissed.