JENNINGS, Respondent, v. SAFEGUARD INSURANCE COMPANY and another, Appellants.

*April 3—May 2, 1961.*

For the appellants there was a brief by *Petersen, Suther-land, Axley & Brynelson,* and oral argument by *James C. Herrick* and by *Griffin Dorschel,* all of Madison.

For the respondent there was a brief and oral argument by *Douglas Nelson* of Madison.

MARTIN, C. J. It is respondent's position that there is no bill of exceptions properly before us. On October 7, 1960, he brought a motion before this court and it was argued that the time for settling the bill of exceptions had expired and it was further argued that no extension of time had been granted to settle the bill. On those grounds he moved to strike the bill and on other grounds he moved to dismiss the appeal. The motion was granted unless within ten days the appellants should pay counsel for respondent $25 costs of said motion. On October 31st the appellants paid the $25 costs. On December 8, 1960, counsel for respondent admitted service on the bill of exceptions. Under those circumstances there is no reason for striking the bill of exceptions.

The only questions raised by the appellants involve the jury award of $1,000 for respondent's personal injuries.

According to the report of the traffic officer who came to the scene of the accident, Mrs. Jennings was the only person injured. The officer testified that he asked the

parties if they were injured; if they said they were, he noted that fact in the report; if they said "No," he made no notation.

Respondent testified that at the time of impact he was "pushed around" in the car and received some bruises and soreness, black-and-blue spots; that he was "kind of dazed and dumbfounded for a couple of minutes" but received no injury to his head; that he was stiff for a week or so and "shaky and nervous" for three or four days. He took his wife to the doctor immediately after the accident but never consulted a doctor about his own injuries. For two weeks he stayed at home because his wife needed care and during that time he did the housework, prepared meals, helped his wife in and out of bed, out of chairs and to the bathroom, and drove the car, taking his wife back and forth to the doctor about every other day. He testified he did not feel well the first week; during the second week he felt better but felt he could not do all the lifting required in his work. He lost $120 take-home pay during the two weeks. Four days after the accident he filled out a statement of claim for damages, listing only his wife as injured in the accident. He testified he had filled in the blank as honestly as he knew the situation at that time in regard to his damages.

The questions of the special verdict which are involved are:

"Question 6: What sum of money will reasonably compensate the plaintiff Robert G. Jennings for his damages resulting from the collision?
    "(a) Personal injuries to himself?
    "Answer: $1,000.
    "(b) Personal injuries to his wife?
    "Answer: $112.49.
    "(c) Damage to his automobile?
    "Answer: $205.76."

The jury was properly instructed as to question 6 (b), but its answer included only the actual medical expense of the wife.

Appellants moved for a new trial on the ground of excessive damages, claiming that the record failed to support the jury's finding that respondent was damaged to the extent of $1,000 for personal injuries to himself.

In its decision on motions after verdict the trial court stated:

"With reference to the element of damages it is apparent to the court that the jury, in deliberating upon the element of damages to be awarded, included within their consideration of subdivision (a) damages to the plaintiff for loss of his wife's services and loss of consortium and everything properly to be considered under subdivision (b). The consideration by the jury of the loss of services and loss of consortium was done, I am satisfied, despite the fact that the court in its instructions instructed the jury that those items should be considered under subdivision (b) and not under subdivision (a). The award of $112.49 under subdivision (b) is entirely for medical expense incurred by the husband incident to his wife's injuries, and so in arriving at my determination that the amount of $1,000 awarded by the jury is not excessive, I am acting upon the assumption which I believe I can act upon, that the jury mistakenly included in that figure items for loss of consortium and loss of services that should have been included under subdivision (b)."

The trial court admits the damages are excessive unless it is assumed that damages for loss of consortium and services were included by the jury in the answer to question 6 (a). The court has no power to make such an assumption even though the jury was properly instructed. Such assumption is speculation. It is undisputed that respondent suffered some damages in loss of consortium and his wife's services because of her injuries, but since the instructions were clear and unambiguous it is just as logical to say that

the jury simply failed to make an award to the husband for such damages.

In its decision the court noted that there was no medical testimony submitted on respondent's behalf, as well as the fact that there was in evidence the statement given by him to the Insurance Company prior to commencement of this action that he was not asserting any claim for personal injuries. It stated, however, that there was evidence which the court believed that respondent had some pain and suffering and that he lost time from his work because of his own convalescence and because his wife needed care.

In view of the nature of respondent's injuries and his statement to the Insurance Company as to making no claim, it is necessary that the verdict as to damages be set aside and a new trial granted.

As this court held in *Urban v. Anderson* (1940), 234 Wis. 280, 286, 291 N. W. 520, quoting with approval from *Dimick v. Schiedt* (1935), 293 U. S. 474, 486, 55 Sup. Ct. 296, 79 L. Ed. 603, 95 A. L. R. 1150:

" 'Where the verdict returned by a jury is palpably and grossly inadequate or excessive, it should not be permitted to stand; but, in that event, both parties remain entitled, as they were entitled in the first instance, to have a jury properly determine the question of liability and the extent of the injury by an assessment of damages.' "

The parties to an action are entitled to a jury trial on all issues of fact, including that of damages. Sec. 5, art. I, Const.; *Borowicz v. Hamann* (1927), 193 Wis. 324, 214 N. W. 431.

*By the Court.*—Judgment reversed, and cause remanded for a new trial on the issues of damages only.