ANCHOR SAVINGS & LOAN ASSOCIATION, a
Wisconsin corporation, Plaintiff-Respondent,†

v.

Patrick E. COYLE, Defendant-Appellant,

Peter M. NICHOLS, a/k/a Peter Nichols, a/k/a
Peter L. Nichols, The Park Bank, A Wisconsin
banking corporation, the City of Madison,
Wisconsin, a municipal corporation, and
Robert Herman, d/b/a Herman Landscape
Service, Defendants.

Court of Appeals

*No. 86–0487. Submitted on briefs April 10, 1987.—Decided April
28, 1988.*

(Also reported in 427 N.W.2d 383.)

† Petition for review granted.

For the defendant-appellant the cause was submitted on the briefs of *Donald B. Bruns* of *Bruns Law Office,* of Madison.

For the plaintiff-respondent the cause was submitted on the brief of *Jeffrey L. Landsman* of *Wheeler, Van Sickle, Anderson, Norman & Harvey, S.C.,* of Madison.

Before Gartzke, P.J., Dykman and Sundby, JJ.

SUNDBY, J. Patrick Coyle appeals from a deficiency judgment in favor of Anchor Savings and Loan Association entered January 22, 1986 in a foreclosure action. The judgment incorporated an order of the same date which, among other things, confirmed the sale of the mortgaged premises. We questioned the jurisdiction of the trial court because on July 30, 1985 it entered an order granting Anchor's motion to confirm the sale and to amend the foreclosure judgment.

The Wisconsin Supreme Court has held that in a foreclosure action the judgment of foreclosure and sale determines the rights of the parties and disposes of the entire matter in litigation, and is therefore a final judgment appealable as of right under sec. 808.03(1), Stats. *Shuput v. Lauer,* 109 Wis. 2d 164, 172, 325 N.W.2d 321, 326 (1982). The sale and confirmation proceedings "are more logically characterized as an execution of judgment." *Id.* The court has also held that the order confirming the sale is a final order appealable of right under sec. 808.03(1), completing the foreclosure action. *Id.* at 172, 174, 325 N.W.2d at 326, 327.

Anchor argues that under sec. 846.04, Stats., there is a third appealable determination: the deficiency judgment entered at the time of confirmation of the sale or thereafter. It contends that where entry of a deficiency judgment is contemplated, the order confirming the sale is not a final order. We disagree. Entry of a deficiency judgment at the time of confirmation of sale, or thereafter, is ministerial, clerical and *pro forma.* The order confirming the sale completes the foreclosure action. Because the July 30, 1985 order confirming the sale was not appealed, amended or vacated, the trial court lost competency to exercise its jurisdiction in the foreclosure action and to enter the order and judgment of January 22, 1986. Coyle could not waive that lack of competency. We therefore vacate the order and judgment of January 22, 1986.

I.

## BACKGROUND OF THE CASE

In April 1984, Anchor commenced a foreclosure action against Coyle and Peter Nichols, co-owners of the mortgaged property. On October 10, 1984 the trial court granted Anchor a default judgment. The judgment determined the amounts due Anchor and directed the sheriff to sell the mortgaged premises. The judgment appointed an officer of Anchor to serve as receiver. It left open the question of whether Anchor should have a deficiency judgment against the defendants.

After notice, the property was sold by the sheriff to Anchor. By motion filed December 31, 1984, Anchor moved the court to amend the judgment of foreclosure

and sale, *nunc pro tunc,* to provide for a deficiency judgment against Coyle. On the same day Anchor applied for an order confirming the sheriff's sale, for an order requiring the clerk of circuit court to deliver the sheriff's deed to Anchor upon confirmation of the sale, for approval of the receiver's account and his discharge, and for entry of a deficiency judgment against Coyle in the amount of $10,195.27. This amount was arrived at by adding to the foreclosure judgment, the interest, sheriff's fees, publication costs, attorney fees, costs and disbursements, and the 1982 and 1983 delinquent real estate taxes, interest and penalties, and deducting the sale price. To this amount the balance in the receiver's account was credited, resulting in a net deficiency of $9,522.53.

Anchor's motion was heard on January 10, 1985. No testimony was taken but the parties argued on the basis of the record whether Anchor had waived its right to a deficiency judgment. On July 30, 1985, the court filed its decision and entered its order granting Anchor's motion to confirm the sheriff's sale and to amend the foreclosure judgment to allow a deficiency judgment in the amount of $9,522.53 against Coyle. The court did not address Anchor's motion for approval of the receiver's account and discharge of the receiver. However, it applied the balance in the receiver's account to the claimed deficiency.

On August 19, 1985, Coyle moved under sec. 806.07, Stats., for relief from the decision and order.

On December 20, 1985, Anchor filed a new motion requesting the same relief it sought in its motion filed December 31, 1984 but for a new deficiency including interest, attorney fees, taxes and other expenses, including the cost of a new boiler for the furnace, incurred after December 31, 1984. On January 22,

1986, the court entered its order denying Coyle's motion for sec. 806.07 Stats., relief, confirming the sheriff's sale, approving the receiver's account and discharging the receiver, and ordering that a deficiency judgment be entered by the clerk against Coyle in the amount of $26,295.03. A document denominated a judgment and incorporating the order was entered the same day.

## II.

### FINALITY OF JULY 30, 1985 ORDER

A final judgment or order is one "which disposes of the entire matter in litigation as to one or more of the parties, whether rendered in an action or special proceeding." Sec. 808.03(1), Stats. A final judgment or order "'terminates the litigation on the merits and leaves nothing to be done but to enforce by execution what has been determined.'" *Shuput,* 109 Wis. 2d at 169, 325 N.W.2d at 325 (citation omitted).

■

The cases relating to finality of orders or judgments pose one of two questions: (1) whether the order or judgment, as a matter of substantive law, disposes of the entire matter in litigation as to one or more of the parties, or (2) whether the circuit court contemplated a further document which would dispose of the case. *Radoff v. Red Owl Stores, Inc.,* 109 Wis. 2d 490, 494, 326 N.W.2d 240, 241–42 (1982). "The first question may involve difficult questions of law and characterizations of legal proceedings. The second is a matter of form and the intent of the circuit court." *Id.,* 326 N.W.2d at 242. This case involves the first question. *See id.,* n. 1 (the court cited *Shuput, supra,* a mortgage

foreclosure case, as an example of a case involving the first question).

■

The Wisconsin statutes provide for a foreclosure action that has two steps: the judgment of foreclosure and sale, and the proceedings after the judgment. *Shuput,* 109 Wis. 2d at 171, 325 N.W.2d at 325. "[T]he judgment of foreclosure and sale determines the rights of the parties and disposes of the entire matter in litigation ...." *Id.* at 172, 325 N.W.2d at 326. The proceedings subsequent to the judgment of foreclosure, i.e., the sale, confirmation of the sale, computation and allowance of the deficiency, if any, "are analogous to the execution of a judgment and simply enforce the parties' rights *which have been adjudicated." Id.* at 173, 325 N.W.2d at 326 (emphasis added).

In a foreclosure action, "[t]here is in reality but one judgment, the judgment of foreclosure. The so-called deficiency judgment is merely a completion of the judgment upon the coming in and confirmation of the report of sale." *Glover v. Marine Bank of Beaver Dam,* 117 Wis. 2d 684, 698, 345 N.W.2d 449, 455–56 (1984), quoting *Farmers & Merchants Bank v. Matsen,* 219 Wis. 401, 403, 263 N.W. 192, 193 (1935).

Confirmation of the sale under sec. 846.165, Stats., is the last judicial act in a foreclosure action. "A sheriff's sale on foreclosure requires court approval; until the sale is confirmed, the foreclosure action is not completed." *Family S. & L. v. Barkwood Landscaping Co., Inc.,* 93 Wis. 2d 190, 205, 286 N.W.2d 581, 588 (1980). The order confirming the sale is a final order appealable as of right under sec. 808.03(1), Stats. *Shuput,* 109 Wis. 2d at 172, 325 N.W.2d at 326.

Anchor contends that *Shuput* is consistent with the concept of a separate deficiency judgment which

may be entered after confirmation of the sale, as set forth in sec. 846.04, Stats., which provides:

> The plaintiff may in his complaint demand judgment for any deficiency which may remain due to him after sale of the mortgaged premises against every party who is personally liable for the debt secured by the mortgage and judgment for any such deficiency remaining after applying the proceeds of sale to the amount due may in such case be rendered. Such judgment for deficiency shall be ordered in the original judgment and *separately* rendered against the party liable *on or after* the coming in and confirmation of the report of sale, and be docketed and enforced as in other cases. (Emphasis added by Anchor.)

The "separately rendered" language in sec. 846.04, Stats., which Anchor emphasizes, relates to the timing of the determination of the deficiency and not to the nature of the foreclosure judgment and the proceedings after judgment. Section 846.04 derives from sec. 3156, R.S. 1878, 1889 and 1898. Annotations to the Revised Statutes of 1878 and 1889 indicate that sec. 3156 is derived from secs. 2 and 3, ch. 243, Laws of 1862, combined, omitting the last clause of sec. 3 as unnecessary. Sanborn and Berryman, *Supplement to the Revised Statutes of 1878,* sec. 3156, at 680 (1883); 2 Sanborn and Berryman, *Annotated Statutes of Wisconsin 1889,* sec. 3156, at 1791 (1889). The Revised Statutes of 1878, in which sec. 3156 first appeared, were collected and revised by revisors appointed by the supreme court pursuant to the direction of the legislature. R.S. 1878, Prefatory, at iii. It was not the intention of the revisors, and, presumably, not the intention of the legislature, to change the laws as found in ch. 243, Laws of 1862, except for the omission

384

of the last clause of sec. 3. *Palmeter, Ex'x v. Carey,* 63 Wis. 426, 432, 21 N.W. 793, 795, 23 N.W. 586 (1885).

Section 2, ch. 243, Laws of 1862 permitted the plaintiff to unite in his foreclosure complaint a prayer for a judgment of foreclosure and sale of the mortgaged premises and a prayer for a deficiency judgment. Section 3 permitted the court, on the plaintiff's motion, if the proceeds of the sale were insufficient, to "enter or render" a judgment for the deficiency against the defendants who executed the mortgage note, "at the time of the confirmation of the sheriff's or referee's report of sale, or any time thereafter." Sec. 3, ch. 243, Laws of 1862.

The quoted language supports Anchor's argument that a deficiency judgment may be entered after the confirmation of the sale. But the cases decided under the statute are in accord that the entry of the deficiency judgment is ministerial and clerical. If a deficiency judgment is entered upon the "coming in and confirmation of the report of sale," sec. 846.04, Stats., that judgment is no more than a memorialization of what has already occurred. When the court confirms the sale of the mortgaged premises and determines the deficiency as required by sec. 846.165, it has nothing further to do with the matter.

In *Witter v. Neeves,* 78 Wis. 547, 549–50, 47 N.W. 938, 939 (1891), quoted in *Shuput,* 109 Wis. 2d at 172–73, 325 N.W.2d at 326, the Wisconsin Supreme Court said with respect to what is now sec. 846.04, Stats:

> The meaning of this statute is perfectly clear. The court makes a full and final adjudication of everything, even to the order for the entry of the judgment for the deficiency by the clerk on confirmation of the report of sale. The court has nothing

further to do than the confirmation of the report of sale. It is a final determination of the court of the rights of the parties. The entry of the judgment for deficiency, and docketing it, is ministerial and clerical, *pro forma,* and as a matter of course.

In *Kane v. Williams,* 99 Wis. 65, 72, 74 N.W. 570, 572 (1898), the court said, quoting *Gaynor v. Blewett,* 86 Wis. 399, 400, 57 N.W. 44 (1893): "The order [for a deficiency judgment] is a necessary part of the judgment of foreclosure, and is a final adjudication of the defendant's liability for the debt."

■

We do not hold that a document denominated a deficiency judgment may not be used to memorialize the determination of the deficiency.[1] However, failure of the clerk to perform the ministerial, clerical, and *pro forma* task of entry of a judgment for the deficiency does not deprive the order confirming the sale and determining the deficiency of its finality. We conclude that the July 30, 1985 order was a final order.[2]

---

[1]Such a document may however be redundant. *See Tormey v. Gerhart,* 41 Wis. 54, 58 (1876). ("Under the code, the judgment of foreclosure and sale finally disposes of the controversy on the merits, and is the only judgment in the cause. Any direction of the court in a proceeding subsequent to the judgment, and founded upon it, is denominated an order.")

[2]We reject Anchor's claim that the July 30 order was not a final order because it did not dispose of Anchor's motion to allow the receiver's account and to discharge the receiver. We need not consider whether failure to dispose of a matter ancillary to, but not a part of, the foreclosure proceedings deprives an order confirming the report of the sale of its finality. The effect of the trial court determination of the deficiency was to allow the receiver's account.

We next consider whether, despite the finality of the July 30, 1985 order, the trial court had competency pursuant to Anchor's motion of December 20, 1985 to enter the January 22, 1986 deficiency judgment.

## III.

## COMPETENCY OF TRIAL COURT TO ENTER JANUARY 22, 1986 JUDGMENT

### A.

Anchor contends that because the trial court had subject matter jurisdiction to hear foreclosure actions, *see* sec. 801.04(1), Stats., the court continued to have competency to exercise its jurisdiction to amend the order of July 30, 1985. We disagree. While a trial court may have subject matter jurisdiction "to entertain actions of any nature whatsoever," *Mueller v. Brunn,* 105 Wis. 2d 171, 176, 313 N.W.2d 790, 792 (1982), it may lose competency to exercise its jurisdiction. *Jansen Co. v. Milwaukee Area Dist. Board,* 105 Wis. 2d 1, 10, 312 N.W.2d 813, 817 (1981). It loses competency to exercise its jurisdiction upon the expiration of a mandatory time limit imposed by statute. *Id.* Section 805.17(3), Stats., imposes such a time limit upon the amendment by the trial court of its judgments or orders.

Section 805.17(3), Stats., provides in part: "Upon motion of a party made not later than 10 days after entry of judgment the court may amend its findings or make additional findings and may amend the judgment accordingly." Consistent with our conclusion that the July 30, 1985 order was a final order, we hold

that the time limit under sec. 805.17(3) began to run upon entry of the order.

Section 805.17, Stats., is based on Fed. R. Civ. P. 52. Judicial Council Committee's Note, 1974, 67 Wis. 2d 713 (1976). Section 805.17(3) is substantially identical to the first two sentences of Fed. R. Civ. P. 52(b) and to Fed. R. Civ. P. 59(e). In *Browder v. Director, Ill. Dept. of Corrections,* 434 U.S. 257, 271–72 (1978), the United States Supreme Court held that the time limits of Rules 52(b) and 59 are mandatory and jurisdictional.[3] The *Browder* court pointed out that the abolishment of the terms of court confined the power of the trial court to alter or amend a final order to the time period stated in Rules 52(b) and 59. *Id.* at 271. In *United States v. Smith,* 331 U.S. 469, 473 n. 2 (1947), the court stated that "[t]he policy of the Rules was not to extend power indefinitely but to confine it within constant time periods."

In *Jansen,* 105 Wis. 2d at 9, 312 N.W.2d at 816, the court adopted the following statement of the court in *Beck v. Wallmow,* 226 Wis. 652, 657, 277 N.W. 705, 707 (1938), to explain the purpose of mandatory time limits within which a trial court must decide motions after verdict:

> If its purposes [sec. 270.49(1), Stats. (1937)] are to be accomplished, its unambiguous terms must be complied with. Starting with sec. 2878, Stats. 1898, and giving consideration to the several amendments thereto, it is clear that the legislature and this court, in the exercise of its rule-making

---

[3] We take the construction of the federal rules of procedure by the United States Supreme Court in our construction of sec. 805.17(3), Stats., based on the federal rule. *Carlson Heating, Inc. v. Onchuck,* 104 Wis. 2d 175, 179 n. 2, 311 N.W.2d 673, 675–76 (Ct. App. 1981).

powers, intended that litigation be expedited and that unreasonable delays in deciding motions after verdict be prevented.

The trial court's failure to timely amend the July 30 order under sec. 805.17(3), Stats., is analogous to a failure to act timely on motions after verdict as required by sec. 805.16. Section 805.17(3) also is based on an "'interest in speedy disposition and finality.'" *Browder*, 434 U.S. at 271 (citation omitted).

We therefore conclude that the time limits of sec. 805.17(3), Stats., are mandatory and that the trial court lost its competency to exercise its jurisdiction over the foreclosure proceedings when it failed to amend the order of July 30, 1985, within ten days after its entry.

### B.

Anchor argues that the trial court retained competency to amend the July 30 order under its "inherent equitable authority" to review and supervise mortgage foreclosure proceedings. *Family S. & L.*, 93 Wis. 2d at 205, 286 N.W.2d at 588. However, that authority extends only until the foreclosure proceedings are at an end. Because the July 30, 1985 order confirming the sale completed the foreclosure proceedings, the trial court lacked competency under its inherent equitable review and supervision authority to amend the final order of July 30.

### C.

Anchor also contends that the trial court had competency to exercise its jurisdiction to amend the

July 30, 1985 order under sec. 806.07, Stats., which permits a trial court to relieve a party from a judgment, order or stipulation for stated reasons. Anchor's alternative theories under which the trial court could act under sec. 806.07 are that the July 30, 1985 order was void for lack of due process and could be expunged at any time, *Neyland v. Vorwald,* 124 Wis. 2d 85, 95, 368 N.W.2d 648, 654 (1985); that the order was a mistake which the trial court could modify in the interest of justice, *State ex rel. M.L.B. v. D.G.H.,* 122 Wis. 2d 536, 544–45, 363 N.W.2d 419, 423 (1985); and that Coyle's sec. 806.07 motion permitted the trial court to exercise its jurisdiction under sec. 806.07 in a manner adverse to Coyle, *Family S. & L.,* 93 Wis. 2d at 201, 286 N.W.2d at 586–87. Anchor argues that it should not be denied relief under sec. 806.07 merely because it did not label the motion properly, "for that would exalt nomenclature over substance." *Browder,* 434 U.S. at 272 (Blackmun, J., concurring).

We reject Anchor's theories. Anchor did not move the court to exercise its discretion under sec. 806.07, Stats., and the court did not do so. A motion under sec. 806.07 invokes the exercise of discretion on the part of the trial court to relieve a party from a judgment or an order for very specific reasons. "Discretion" contemplates a process of reasoning which yields a conclusion based on logic and founded upon proper legal standards. *Marriage of Mathewson v. Mathewson,* 135 Wis. 2d 411, 416, 400 N.W.2d 485, 487 (Ct. App. 1986). Anchor chose to ignore the July 30, 1985 order and instead asked the court to re-exercise its discretion under the mortgage foreclosure statutes to confirm the sheriff's sale and direct the entry of a

deficiency judgment against Coyle. If we accepted Anchor's position, we would deny Coyle his right to be heard on the question of whether the circumstances justified the exercise of the trial court's discretion to grant Anchor relief from the order.[4]

## IV.

## WAIVER OF COURT'S LACK OF COMPETENCY

■ Anchor argues that since Coyle did not raise the competency issue in the trial court, we should not consider the issue for the first time on appeal. *Arsand v. City of Franklin,* 83 Wis. 2d 40, 55, 264 N.W.2d 579, 586 (1978). Courts are required by law to observe the limits of their powers, *St. ex rel. Teach. Assts. v. Wis.-Madison Univ.,* 96 Wis. 2d 492, 495, 292 N.W.2d 657, 659 (Ct. App. 1980), and it is our duty to make all investigations necessary to satisfy ourselves as to the jurisdiction of the trial court, without the matter having been urged by counsel. *Harrigan v. Gilchrist,* 121 Wis. 127, 224, 99 N.W. 909, 932 (1904).[5]

---

[4]Anchor makes much of the fact that in the hearing on its motion of December 20, 1985 the trial court stated that it "may not necessarily have been correct when it determined the amount of costs in the matter." However, the court did not attempt to correct that mistake by determining the correct costs as of that date. Instead, the court allowed Anchor its attorney fees, costs and disbursements as of the date of the hearing. We cannot construe its order of January 22, 1986 as a correction of the July 30, 1985 order.

[5]It is a well-settled rule that lack of subject matter jurisdiction may not be consented to or waived. This "long-standing case law" rule is retained by sec. 802.06(8)(c), Stats. Clausen and Lowe, *The New Wisconsin Rules of Civil Procedure: Chapters 801–803,* 59

A failure of a trial court to act within mandatory time limits is more than mere error which may be waived or consented to by the parties. *See Beck,* 226 Wis. at 657, 277 N.W. at 707 (stipulation ineffective to extend time to decide motions after verdict); *Lingelbach v. Carriveau,* 211 Wis. 653, 658, 248 N.W. 117, 119, 248 N.W. 922 (1933) (order granting new trial entered with agreement of the parties after time expired, "absolutely void"). In *Jansen,* 105 Wis. 2d at 10, 312 N.W.2d at 817, because the order was made more than ninety days after verdict, contrary to sec. 805.16, Stats., the court held that "[t]he decision ... is void as the court lost competency to exercise its jurisdiction (formerly referred to as the 'loss of jurisdiction')."

The strong policy considerations which deprive the trial court of competency to exercise its jurisdiction beyond mandatory time limits preclude it from so acting upon agreement of the parties or upon the waiver of one of the parties.[6]

Marq. L. Rev. 1, 52 (1976), citing *Damp v. Town of Dane,* 29 Wis. 419 (1872), and *Harrigan v. Gilchrist, supra.*

[6]We emphasize that our decision provides no precedent on the questions of whether a judgment entered without complying with sec. 805.17(3), Stats., is subject to collateral attack as a void judgment, or is *res judicata* between the parties. The Restatement suggests that for purposes of according finality to a judgment in a proceeding that has already run its course, "jurisdiction" should be given a narrowly defined scope. *Restatement (Second) of Judgments,* sec. 11, comment e, at 112 (1982). It also suggests that expanding the scope of the term "jurisdiction" for serious procedural errors "may be expedient." *Id.*

## V.

## GRANT OF RELIEF BY APPEALS COURT

Anchor contends that, in any event, in the interest of justice, we should accomplish the same result that the circuit court attempted to accomplish and direct the trial court to enter judgment in favor of Anchor according to the terms of the January 22, 1986 order. In *Jansen,* 105 Wis. 2d at 10, 312 N.W.2d at 817, the supreme court held that where the trial court attempted tardily to decide a motion for directed verdict after expiration of the time limit, the court of appeals was not foreclosed from invoking its power under sec. 752.35, Stats., in the interest of justice, to accomplish the same result.

We do not believe this is a case where we can accomplish the same result the trial court attempted. We would have to find facts, most notably, the deficiency to which Anchor is entitled, which we are precluded from doing by the Wisconsin Constitution. *Wurtz v. Fleischman,* 97 Wis. 2d 100, 107 n. 3, 293 N.W.2d 155, 159 (1980). Further, our review of the record does not convince us that justice will miscarry if the judgment and order of January 22, 1986 are vacated.

*By the Court.*—Order and judgment vacated.