VOLLAND, Plaintiff and Respondent, vs. McGEE and another, Defendants and Appellants: AMERICAN AUTOMOBILE INSURANCE COMPANY, Impleaded Defendant and Respondent.

*October 9, 1940—January 7, 1941.*

For the appellants there were briefs by *Genrich & Genrich*, attorneys, and *Herbert L. Terwilliger* and *James A. Fitzpatrick* of counsel, all of Wausau, and oral argument by *Mr. Fred W. Genrich* and *Mr. Terwilliger*.

For the respondents there were briefs by *Fischer, Brunner & Strossenreuther* of Shawano, attorneys for Harold Volland, and by *Dougherty, Arnold & Kivett* of Milwaukee, attorneys for the American Automobile Insurance Company, and oral argument by *A. W. Kivett* and *L. J. Brunner*.

The following opinion was filed November 8, 1940:

ROSENBERRY, C. J. The appellants contend that the trial court had no jurisdiction on February 23, 1940, to set aside the verdict and grant a new trial for the reason that more than sixty days had elapsed after the rendition of the verdict and that the court had not extended the time for cause, relying upon sec. 270.49 (1), Stats. This court in a long line of cases has held that after the expiration of sixty days from the rendition of a verdict, a court was without power to set aside a verdict unless at some time prior to the expiration of the sixty days the court had made an order extending the time for cause. See *Urban v. Anderson* (1940), 234 Wis. 280, 291 N. W. 520.

Appellants' contention requires us to examine the extent of the power granted to the court by sec. 252.10 (1), Stats.:

"All judgments and court orders may be reviewed by the court at any time within sixty days from service of notice

of entry thereof, but not later than sixty days after the end of the term of entry thereof."

The substance of sec. 252.10 (1), Stats., has in one form or another been in force for many years. Sec. 2429, Stats. 1911, provided:

"The judge of the circuit court may, at any general or special term in his circuit, hear any motion to correct or strike out pleadings or any part thereof, or for confirmation of any sale made in pursuance of a judgment, or for a judgment for a deficiency after sale, and may hear any application for judgment, when the time allowed by law therefor has expired without any issue of law or fact having been joined, taking and hearing such proofs as may be offered or reported by a duly appointed referee, when proofs are necessary, in any action pending in the circuit court in any county of the circuit, and make and sign the necessary and proper order or judgment thereupon. . . ."

A revisor's bill known as Bill No. 103, S., was introduced in the legislature in 1913. It became ch. 592, Laws of 1913. Sec. 10 of ch. 592 dealt with secs. 2426, 2427, and 2431, Stats., which were by sec. 10 of the chapter consolidated into secs. 113.09 and 113.10 and revised and amended to read as therein provided.

Sec. 113.10, Stats. 1913 (now sec. 252.10), provided:

"All judgments and orders made during a term may be reviewed by the court at any time within sixty days from service of notice of entry thereof. . . ."

Sec. 2429, Stats., was repealed. While the bill was amended in numerous particulars the language of sec. 10 of the revisor's bill was enacted into law in the form in which it was received from the revisor. It is apparent from the section both before and after the revision that it was the intent and purpose of the enactment to give the court wider control over its judgments and orders than it had at common

law, both as respect the extent of the review and the time within which the court might act. In 1934, the section was rewritten and the first sentence was amended by adding the words: "but not later than sixty days after the end of the term of entry thereof." (See sec. 252.10 (1), Stats. 1935.)

It is now contended that under this section the circuit court, in reviewing an order granting judgment on the verdict, may set aside the verdict even though more than sixty days have elapsed after the verdict was rendered and no order has been made extending the time for cause. It is considered that this contention cannot be sustained. The provision that a motion for a new trial upon the minutes of a judge must be made and heard within sixty days after the verdict is rendered was introduced into our statutes by ch. 477, Laws of 1917 (now sec. 270.49 (1), Stats.), ever since which time it has been held that the court has no power after the expiration of the sixty days to set aside a verdict unless the time has been extended for cause. *Urban v. Anderson, supra.* When we take into consideration the history of the statute it is plain that the sixty-day provision controls the language of sec. 252.10 (1), Stats., relating to the power of the court to review its orders and judgments.

The 1934 amendment related to the time within which the jurisdiction to review must be exercised. It in no way changed the substance of the provision.

It must therefore be held that after the expiration of the sixty days from the rendition of the verdict, no order extending the time for cause having been entered, the court is without power to grant a motion setting aside a verdict and grant a new trial under any circumstances.

It is true that this conclusion results in a somewhat anomalous procedure. If, as it is argued in this case, there is a clear error vitiating the verdict, the court has no power to set aside the verdict and grant a new trial, in which case there must be an appeal and a reversal of the judgment by

this court, although the circuit court is of the view that the verdict should be set aside. That is one of the consequences of the enactment of the sixty-day provision. The expiration of the sixty-day period, no order extending the time for cause having been made, divests the court of power to set aside the verdict. In this case, it should be said, it is strenuously argued that the judgment as entered is right.

In this case, upon the defendants' appeal, the plaintiff served a motion under sec. 274.12, Stats., to review so much of the order as in effect denied the plaintiff's motion for judgment notwithstanding the verdict. Upon the coming in of the verdict the plaintiff moved for judgment notwithstanding the verdict, and on this notice of review renews that motion and asks to have the court's determination reviewed upon this appeal. While this precise situation has not been considered by the court, we see no reason why, under the decision in *Julius v. First National Bank of Appleton* (1934), 216 Wis. 120, 256 N. W. 792, and other similar cases, the motion to review is not proper.

A motion for judgment notwithstanding the verdict admits for the purposes of the motion the existence of the facts found by the jury, and asserts that taking the verdict as it stands judgment should go the other way. It does not challenge the sufficiency of the evidence to support the findings. *Maxon v. Gates* (1908), 136 Wis. 270, 116 N. W. 758. The sufficiency of the evidence to support the findings will not be considered by this court except upon a motion to set aside the verdict. *Maxon v. Gates, supra.*

In *Muench v. Heinemann* (1903), 119 Wis. 441, 96 N. W. 800, which was an action for personal injuries, the court overruled two former decisions holding that a defendant cannot move for judgment notwithstanding the verdict. In overruling the former cases the court said (p. 449):

"To say that when he [defendant] moves for judgment on the verdict this court will, on reversal, direct the judg-

ment, but will refuse it when he moves for judgment notwithstanding the verdict, savors extremely of legal hairsplitting. In either case the trial court is moved to grant the very judgment which we now say should have been granted."

In that case the defendant first moved for judgment notwithstanding the verdict. The defendant then moved for judgment on the verdict, and if that motion should be denied for an order changing the answers to the second, third, fourth, and fifth questions from the affirmative to the negative, and for judgment upon the verdict as so amended, and if both motions should be denied, the defendant then moved for a new trial. All of the motions were overruled. Upon appeal this court held that the plaintiff was a mere licensee, that no act of negligence was shown, and that the plaintiff could not recover. The motion for judgment notwithstanding the verdict did not challenge the findings of the special verdict. The court held upon the facts found by the verdict and the undisputed evidence that the plaintiff was a licensee.

In the case at bar the jury found the plaintiff guilty of negligence. The plaintiff now asks the court to say by its motion notwithstanding the verdict that as a matter of law the plaintiff was not guilty of negligence. To grant the plaintiff's motion for judgment notwithstanding the verdict upon that ground would, in effect, set aside the verdict. The trial court may not do indirectly a thing the court has no power under the statute to do directly. In the *Muench Case, supra,* this court was not called upon to consider the effect of the sixty-day statute because there was no such statute in existence, and if there had been the motion for judgment notwithstanding the verdict in that case did not challenge the sufficiency of the evidence to support the verdict. In some jurisdictions a motion for judgment notwithstanding the verdict operates as a motion for a new trial which, in effect, sets aside the verdict. See *Olson v. Ottertail Power Co.* (1934) 65 N. D. 46, 256 N. W. 246, and note in 95

A. L. R. 429, Right to move for judgment notwithstanding the verdict after entry of judgment, and cases cited.

The motion to review in this case, in fact, challenges the sufficiency of the evidence to sustain the special verdict, and while it is denominated a motion notwithstanding the verdict, it is in effect a motion to amend or set aside the verdict. While in a case like this the respondent is entitled to a review, if the review is to be effective it must be upon some ground that does not challenge the correctness of the verdict but says that upon other grounds the party moving is entitled to judgment. The sixty-day statute must be given effect in the consideration of motions made after verdict no matter what the motions may be denominated.

*By the Court.*—The order appealed from is reversed, and the cause remanded with directions to reinstate the order and judgment.

The following opinion was filed January 7, 1941:

ROSENBERRY, C. J. (*on motion for rehearing*). The plaintiff, Harold Volland, upon the appeal of the defendants, William McGee and another, filed a motion for a review. This court entertained the motion and denied it on the ground that although it in form asked for a review of a motion notwithstanding the verdict, it was in effect an attempt to review a motion to set aside the verdict and grant judgment. The plaintiff now contends that his motion for a review was improper and should not have been considered by the court. Plaintiff makes this contention upon *Lingelbach v. Carriveau* (1933), 211 Wis. 653, 248 N. W. 117, 248 N. W. 922. In *Lingelbach v. Carriveau,* the judge some eights months after the coming in of the verdict made an order vacating it and setting it aside.

The order of this court reversing the order of the circuit court directed entry of judgment, and on motion for rehearing the direction for judgment was held to be erroneous; that

this court had authority only to reverse the order. In the instant case the order appealed from vacated and set aside the judgment. The court, assuming to act under sec. 252.10 (1), Stats., also set aside the verdict and granted a new trial. While the order so far as it set aside the verdict and granted a new trial was ineffective, the order vacating and setting aside the judgment was not void. The trial court did not lack jurisdiction to vacate and set aside the judgment. As to that it was in error. While the mandate of this court directed the trial court to reinstate the order and judgment, the effect of the reinstatement was to leave the record as it stood prior to the time the erroneous order was entered.

*By the Court.*—The motion for rehearing is denied with $25 costs.