PARISH and others, Appellants, vs. AWSCHU PROPERTIES, Inc., and others, Defendants: SCHROEDER and others, Respondents.

*May 18—June 16, 1943.*

For the appellants there was a brief by *Lowell T. Thronson* and *Hirschberg, Messerschmidt & Husting,* all of Madison, and oral argument by *Joseph G. Hirschberg.*

For the respondent Paul H. Schroeder there was a brief by *Schubring, Ryan, Petersen & Sutherland* of Madison, and oral argument by *R. J. Sutherland.*

For the respondents F. J. Dudley, O. J. Noer, George Potterton, Ida Potterton, and Karl M. Feldhausen there was a brief by *Kaumheimer, Alt & Likert* of Milwaukee, and oral argument by *Clifford Alt.*

For the respondent Elizabeth M. Hanson there was a brief by *Ela, Christianson & Ela* of Madison, and oral argument by *G. Burgess Ela.*

BARLOW, J. The material questions involved in this action are: (1) Can plaintiffs have judgment against defendants in default for any amount greater than that alleged in the complaint? (2) Can defendants in default make timely application under sec. 252.10, Stats., to reduce a default judgment to the amount alleged in the complaint?

The amended complaint alleges that the Stoughton Company was incorporated with common stock of no-par value; that the board of directors fixed the consideration at which

the stock was sold and issued by a resolution, the specific allegations of the complaint being as follows:

"7. That said stock was issued and sold pursuant to and under the terms of the following resolution of the board of directors of said corporation, to wit:

"8. 'Resolved, that the consideration to be paid for common stock of no-par value be one dollar ($1) per share and that the same be sold only to the subscribers for the junior mortgage bonds, at the rate of four (4) shares of stock for each one hundred ($100) dollars par value of junior mortgage bonds, the said junior mortgage bonds to be subscribed and paid for at not less than ninety-six ($96) dollars per one hundred ($100) dollars of par value.'

"9. That said resolution was duly adopted by said board of directors on the 19th day of May, 1927."

At the time of the entry of the original interlocutory judgment, appellants attempted to establish the consideration and value of the nonpar capital stock by offering evidence of an appraisal of the assets purchased by this company from the Stoughton Wagon Company in the sum of $869,531.58, and then deducting therefrom the bonded indebtedness, and thus establish a value in excess of $25 per share. It was on the basis of this evidence the trial court made a finding of fact that the stock was issued to said defendants for a consideration of $25 per share.

After hearing on the orders to show cause, and upon motion, the court ordered the findings of fact and conclusions of law and the interlocutory judgment modified and amended to the effect that said stock was issued to said defendants for a consideration of $1 per share, and that judgment be entered against them at the rate of $1 per share for each share of stock owned by them according to the records of the company.

The learned trial judge, in a memo attached to the order of March 19, 1942, stated:

"This order is made pursuant to section 252.10 of the statutes. This court is satisfied that the order for interlocutory judgment dated January 28, 1942, and the interlocutory judgment entered in pursuance thereof on February 3, 1942, were both erroneous and without foundation in law. Said order and said judgment were based upon the assumption by this court that the consideration for the stock owned by the defendants here involved was $25 per share. . . ."

Appellants contend that the relief requested can be granted only upon compliance with secs. 269.46 and 269.465 of the statutes, and that respondents have not made a proper showing to be entitled to relief under these sections, citing *Volland v. McGee,* 236 Wis. 358, 294 N. W. 497, 295 N. W. 635.

Sec. 252.10 (1), Stats., provides:

"All judgments and court orders may be reviewed by the court at any time within sixty days from service of notice of entry thereof, but not later than sixty days after the end of the term of entry thereof."

We do not find where the court said anything in *Volland v. McGee, supra,* which would prevent the review of this judgment under sec. 252.10 (1), Stats. What the court held in that case was that sec. 270.49 (1) did not permit motions after verdict unless they were made and heard within sixty days after the verdict is rendered unless the court by an order made before its expiration, extends such time for cause, and that such motions could not be made under sec. 252.10 (1) after that time. This does not mean that sec. 252.10 (1) is of no force and effect, nor does it mean that respondents were required to comply with sec. 269.46 in order to obtain relief from the present judgment. Defendants in default were timely in their motion to review this judgment, and the court acted within its authority under sec. 252.10 (1) in reviewing the same.

Appellants also contend that the court misconstrued sec. 182.23, Stats., as it read both before and after it was amended

in 1927 by ch. 534, Laws of 1927. Prior to amendment, this section read as follows:

"*Stockholders' liability; wages of employees.* The stockholders of every corporation, other than railroad corporations, shall be personally liable to *an amount equal to the stock owned by them respectively* in such corporation for all debts which may be due and owing to its clerks, servants and laborers for services performed for such corporation, but not exceeding six months' service in any one case."

And after amendment it read as follows:

"The stockholders of every corporation, other than railroad corporations, shall be personally liable to *an amount equal to the face or par-value stock owned by them respectively, and to the consideration for which their nonpar-value stock in such corporation was issued,* for all debts which may be due and owing to its clerks, servants and laborers for services performed for such corporation, but not exceeding six months' service in any one case."

The amendment was a revisor's statute, and merely a clarification of the previous statute. There was no change in the law. Both before and after the amendment, the basis of liability of a stockholder was the consideration paid for the nonpar stock. Appellants attempt to disregard the consideration fixed by the board of directors, and use an asset-appraisal basis in arriving at a value. Stockholders would not be permitted to reduce their liability by showing that the assets were of less value than the amount of stock issued, nor can claimants increase the liability of stockholders by showing fixed assets in excess of the consideration for the stock issued, unless there was fraud in fixing the consideration for the issuance of the same.

Sec. 182.14 (1), Stats., provides for the issuing of nonpar stock as follows:

"Any corporation . . . may . . . issue shares of stock . . . without any nominal or par value. . . . Such stock may be issued by the corporation . . . for such consideration . . . as may be fixed . . . by the board of directors. . . ."

The articles of incorporation authorized the board of directors to fix the consideration for which the nonpar stock should be issued, and the board of directors fixed it at the sum of $1 per share. There is no allegation that there was fraud on the part of the directors, and the price at which the assets in question were purchased is consistent with the action of the board of directors in fixing the sale price of this nonpar stock.

The court followed sec. 270.57, Stats., in fixing damages, which provides the measure of relief:

"The relief granted to the plaintiff, if there be no answer, cannot exceed that which he shall have demanded in his complaint; but in any other case the court may grant him any relief consistent with the case made by the complaint and embraced within the issue."

Appellants allege in their amended complaint that the consideration of the nonpar stock was $1 per share, and they were therefore limited to this amount. *Whitehill v. Jacobs,* 75 Wis. 474, 44 N. W. 630; *Good v. Schiltz,* 195 Wis. 481, 218 N. W. 727; *Estate of Kehl,* 215 Wis. 353, 254 N. W. 639. The court properly limited the recovery to $1 per share in accordance with the demand of the amended complaint.

*By the Court.*—Judgment affirmed.