GILLARD, Appellant, v. AABERG and another, Respondents.

*October 6—November 5, 1958.*

For the appellant there was a brief by *Rosenbaum &
Rosenbaum* of Milwaukee, and oral argument by *Ralph K.
Rosenbaum, Jr.*

No brief for the respondents; oral argument by *Max E.
Geline* of Milwaukee, by permission of the court under Su-
preme Court Rule 35.

WINGERT, J. No brief was filed by the respondents. We
might reverse for that reason alone under Supreme Court
Rules 32 and 35 (secs. 251.32 and 251.35, Stats.). Never-
theless the presumption in favor of an order of the circuit
court is such that we prefer to consider the appeal on the
merits.

The order appealed from provides in part that the motion to vacate the "judgment" be granted. No judgment was ever entered in the cause. In the context, we interpret that part of the order as granting the motion to vacate the order for judgment dated April 5, 1957.

In essence, the order appealed from has two parts, one vacating the order for judgment, and the other granting a new trial in the interest of justice. We shall consider them separately.

1. *Order vacating order for judgment.* The order for judgment was made and filed April 5, 1957. The record does not disclose that any notice of entry of the order was served. The court's written "opinion" that the order for judgment should be vacated and that further proceedings be taken in the matter was filed on June 20, 1957. The term of the court in which the order for judgment was made had not yet expired (sec. 252.06, Stats.). The order of June 20th was therefore authorized and timely under sec. 269.46 (3), which is as follows:

"All judgments and court orders may be reviewed by the court at any time within sixty days from service of notice of entry thereof, but not later than sixty days after the end of the term of entry thereof."

In that setting it is immaterial that the formal order vacating the order for judgment was not made until the following January. The written "opinion" of June 20, 1957, that the order for judgment should be vacated, and directing counsel to prepare an order to that effect, was a sufficient compliance with the sixty-day provision of sec. 269.46 (3), Stats. See *Guptill v. Roemer,* 269 Wis. 12, 18, 68 N. W. (2d) 579.

The time within which the court could review its order for judgment under sec. 269.46 (3), Stats., was not further limited by sec. 270.49 (1). That subsection relates to motions "to set aside a verdict and grant a new trial." In

our opinion its application is limited to cases where a verdict has been rendered by a jury. To give it a broader construction would not only stretch the term "verdict" beyond the usage common in law, but would also create undesirable conflict with sec. 269.46 (3).

2. *Order granting a new trial.* Sec. 270.49 (2), Stats., contains the following provision:

"No order granting a new trial in the interest of justice shall be valid or effective, unless the reasons that prompted the court to make such order are set forth in detail therein."

This provision is unlimited in terms, and we construe it as applicable where the trial has been by the court without a jury as well as to jury trials, nothwithstanding that sub. (1) of the same section applies only in cases where the trial has been to a jury.

The portion of the January 23d order granting a new trial in the interest of justice must therefore be reversed. It sets forth no reasons why the court was prompted to make the order or why a new trial would be in the interest of justice. Neither does it incorporate a sufficient statement of reasons by reference, within the rule of *Peters v. Zimmerman,* 275 Wis. 164, 170, 81 N. W. (2d) 565. A recital preliminary to the order does refer to the written opinion of June 20, 1957; but that opinion not only fails to set forth reasons why a new trial should be granted in the interest of justice, but does not even direct that there be a new trial—only "that further proceedings be taken in the matter."

At the oral argument it was suggested on behalf of respondent that the order for a new trial might be sustained under sec. 270.50, Stats., relating to motions for a new trial founded upon newly discovered evidence. That section contains nothing to relieve the present order from the requirements of sec. 270.49 (2), and moreover the affidavits in support of the motion do not allege the factual requirements

that must be met before a new trial may be granted on the ground of newly discovered evidence (see *Estate of Eannelli,* 269 Wis. 192, 214, 68 N. W. (2d) 791), nor does the "opinion" of June 20, 1957, find or recite such facts.

It follows from what has been said that the matter stands in this posture: The order of April 5, 1957, for judgment has been properly vacated and the court is free to reconsider the decision on the merits, take further testimony supplementary to that already taken, and otherwise proceed as is proper where an order for judgment has been reviewed and set aside pursuant to sec. 269.46 (3), Stats.; but the order for a new trial is void.

3. *Costs.* Appellant failed to print an appendix as required by Supreme Court Rule 6 (5) (sec. 251.26 (5), Stats.). Costs in this court will therefore be denied.

*By the Court.*—That part of the order appealed from which vacates the order for judgment dated April 5, 1957, is affirmed. That part of the order which grants a new trial is reversed. No costs to be taxed in this court.

MARTIN, C. J., and BROWN, J., took no part.