ALBERTS, Respondent, v. RZEPIEJEWSKI and another, Appellants.*

*November 1—November 27, 1962.*

* Motion for rehearing denied, with $25 costs, on February 5, 1963.

For the appellants there were briefs and oral argument by *Walter L. Merten* of Milwaukee.

For the respondent there was a brief and oral argument by *Francis X. Krembs* of Milwaukee.

CURRIE, J. We will confine this opinion to resolving these two issues:

(1) In view of the sixty-day limitation of sec. 270.49 (1), Stats., did the trial court exceed its power of review under sec. 269.46 (3) in granting a new trial in the interest of justice more than sixty days after the verdict had been rendered?

(2) Should this court exercise its discretionary power under sec. 251.09, Stats., and grant a new trial in the interest of justice?

Sec. 269.46 (3), Stats. 1957, provides, "All judgments and court orders may be reviewed by the court at any time within sixty days from service of notice of entry thereof, but not later than sixty days after the end of the term of entry thereof." Sec. 270.49 (1), Stats. 1957, restricts the time within which a motion to set aside a verdict and grant a new trial may be granted by this proviso, "but such motion must be made and heard within sixty days after the verdict is rendered, unless the court by order made before its expiration extends such time for cause."

The instant appeal is controlled by *Volland v. McGee* (1941), 236 Wis. 358, 294 N. W. 497. There a jury in an automobile accident case apportioned the negligence equally between plaintiff and defendant drivers. Judgment was then entered upon the verdict dismissing plaintiff's complaint and defendant's counterclaim. Thereafter plaintiff moved for review and a new trial pursuant to sec. 252.10 (1), Stats. 1937, which has since been renumbered as sec. 269.46 (3), Stats. 1957. The trial court more than sixty days after return of the verdict entered an order setting aside the verdict and granting a new trial because of error in the instructions to the jury. On appeal, this court reversed and stated (p. 363) :

". . . the sixty-day provision [of sec. 270.49 (1), Stats.] controls the language of sec. 252.10 (1), Stats., relating to

the power of the [trial] court to review its orders and judgments. . . .

"It must therefore be held that after the expiration of the sixty days from the rendition of the verdict, no order extending the time for cause having been entered, the court is without power to grant a motion setting aside a verdict and grant a new trial under any circumstances."

Plaintiff suggests that *Gillard v. Aaberg* (1958), 5 Wis. (2d) 216, 92 N. W. (2d) 856, has modified the holding of *Volland v. McGee, supra.* The *Gillard Case* involved an order, which set aside a prior order for judgment and directed that "further proceedings be taken in the matter," where the trial had been to the court sitting without a jury. In its opinion in *Gillard* this court declared (p. 219) :

"The time within which the court could review its order for judgment under sec. 269.46 (3), Stats., was not further limited by sec. 270.49 (1). That subsection relates to motions 'to set aside a verdict and grant a new trial.' In our opinion its application is limited to cases where a verdict has been rendered by a jury. To give it a broader construction would not only stretch the term 'verdict' beyond the usage common in law, but would also create undesirable conflict with sec. 269.46 (3)."

The comment made in *Gillard* with reference to an "undesirable conflict with sec. 269.46 (3)," must be restricted to the situation where the original trial is to the court sitting without a jury. Upon further careful consideration of the point at issue here, we believe that the holding in *Volland v. McGee, supra,* constitutes a proper interpretation of the two statutes and should be followed in cases where trial is had to a jury.

Plaintiff did not request that we invoke our discretionary power under sec. 251.09, Stats., to grant a new trial in the interest of justice, in the event that we determined to adhere to the holding of *Volland v. McGee, supra.* Nevertheless, we have considered the advisability of so doing. The

holding in *McConville v. State Farm Mut. Automobile Ins. Co.* (1962), 15 Wis. (2d) 374, 113 N. W. (2d) 14, abolishing assumption of risk is both retroactive and prospective in application. Therefore, we deem it advisable to formulate a rule to be applied in those cases where judgments entered prior to *McConville* are appealed on the ground that they are erroneous in view of that decision. We conclude that there should be no reversal in such cases unless prior to judgment the appealing party has by a proper motion in the trial court raised the point of error on which he relies before this court. This rule is in keeping with *Wells v. Dairyland Mut. Ins. Co.* (1957), 274 Wis. 505, 515, 80 N. W. (2d) 380, wherein we stated:

"As to those errors which must be raised by a motion for new trial as a condition precedent to having this court pass thereon as a matter of right, and not discretion, we are constrained to hold that the burden is upon the party alleging error in this court to affirmatively establish by the record before us that such error was specifically called to the trial court's attention in considering the motion for new trial."

In order to have succeeded on an appeal from the instant judgment, plaintiff would have had to move for a new trial after verdict because of the alleged errors in the form of the verdict which resulted from submitting Question No. 3 and in directing that Question No. 4 only be answered in the event Question No. 3 was answered "No." Plaintiff's motions after verdict contain no such motion for a new trial on the ground that the form of the verdict was improper. We do not deem that plaintiff should receive more-favorable treatment on this appeal than he would have received had he appealed the original judgment. Therefore, we decline to direct a new trial in the interest of justice.

*By the Court.*—Order reversed, and cause remanded with instructions to reinstate the verdict and original judgment.

The following memorandum was filed February 5, 1963:

PER CURIAM (*on motion for rehearing*). Plaintiff on his motion for rehearing argues that he followed the same procedure as did the successful appellant plaintiff in *McConville v. State Farm Mut. Automobile Ins. Co.* (1962), 15 Wis. (2d) 374, 113 N. W. (2d) 14, and that, therefore, he should be allowed to raise before this court the error in the trial below which resulted when the jury was allowed to consider the conduct of the plaintiff guest as assumption of risk instead of as contributory negligence. In both cases the procedure followed by the plaintiff, who had been found guilty of assumption of risk by the jury, was to move for a new trial in the interest of justice. Therefore, plaintiff contends he is entitled to the same relief in this court as was accorded the plaintiff in *McConville*.

The court's opinion and two concurring opinions in *Baird v. Cornelius,* 12 Wis. (2d) 284, 107 N. W. (2d) 278, were rendered January 10, 1961, which was a little over a month after the jury had rendered its verdict in *McConville.* The question of abolishing assumption of risk in host-guest automobile accident cases had not been briefed in the *Baird Case* appeal. Nevertheless, it was made manifest by the concurring opinions that two justices had reached the conclusion that this defense should be abolished in this type of case, and that three other justices, while much impressed with the reasons advanced for doing so by these two justices, thought it inadvisable to take the step of abolishing this defense until the question had been thoroughly briefed and argued in some subsequent appeal.

When the *Baird Case* opinions were announced it was too late for plaintiff in *McConville* to move for a new trial grounded on error in submitting an issue of assumption of risk to the jury because the form of the verdict had not been timely objected to. Therefore, he raised the issue by re-

questing a new trial in the interest of justice, but the trial court denied the motion. On the appeal to this court counsel on both sides ably and thoroughly briefed the issue of abolishing assumption of risk in host-guest cases. While plaintiff *McConville* was not entitled to raise it as a matter of right, but only by invoking this court's discretionary power under sec. 251.09, Stats., we deemed it a proper situation in which to exercise this discretionary power. There was also a mitigating circumstance present to excuse plaintiff in *McConville* from sooner raising in the trial court the issue of abolishing assumption of risk as a defense. This was the fact that the verdict had gone to the jury before the opinions in the *Baird Case* had been announced. The instant case was not tried until some eleven months had elapsed after the handing down of the *Baird Case* opinions. Thus plaintiff, if he intended to protect his right on appeal to raise the assumption-of-risk issue as a matter of right, should have objected to the form of verdict.

The rule announced in the court's original opinion herein, to be applied in those cases where judgments entered prior to *McConville* are appealed on the ground that they are erroneous because of that decision, received our careful consideration at the time. We are not now persuaded that it should be modified so as to afford relief to plaintiff.

The motion for rehearing is denied with $25 costs.