INDUSTRIAL CREDIT COMPANY, Plaintiff and Appellant, v. DIENGER, Defendant: PACKARD, Defendant and Respondent.

*February 1—February 27, 1968.*

---

For the appellant there was a brief and oral argument by *Charles P. Dykman* of Madison.

No brief or appearance for respondent.

HALLOWS, C. J.   The appeal presents an interesting question of whether a security interest perfected in Minnesota continues effective in Wisconsin for four months after the automobile is brought into this state and whether one who would otherwise be a bona fide purchaser for value without notice can acquire rights superior to the Minnesota lien during such four months' period.  Plaintiff claims under the Uniform Commercial Code it has a valid lien in Wisconsin for four months and no third party can acquire any superior rights during that period.  However, we do not decide this interesting

question, the solution of which depends upon the interpretation of several sections of the Uniform Commercial Code, because the respondent Packard has informed the court of his lack of desire and personal inability to respond to the appeal. He has neither filed a brief nor appeared for oral argument. The plaintiff has moved this court for a reversal of the judgment as of course under sec. (Rule) 251.57, Stats. Because the issue presented is new and important and we have no respondent's brief, we decline to consider the question and grant the motion to reverse as of course.

*By the Court.*—Judgment reversed.

ROBERT W. HANSEN, J. (*dissenting*). This case should have been decided upon its merits. Instead, the majority opinion elects to refrain from reaching the merits by invoking Supreme Court Rule 251.57 (sec. 251.57, Stats.) to reverse the trial court because no written brief or oral argument was presented on behalf of respondent.

Obviously, the majority awaits a future case, involving the same issue, where both sides will present briefs and arguments. Time may prove the writer of this dissenting opinion a poor prophet but the thought occurs that they may wait a long time. The issue, in the future as in this case, is most likely to involve an automobile finance company and a Wisconsin purchaser for value of a second-hand auto. Unless a gold-plated Cadillac is involved, the value of the equity in the car is not likely to justify future purchasers litigating the issue involved at the appellate court level.

The rule permitting reversal of the trial court decision where no brief is filed or argument is made by respondent is most clearly applicable where the absence of representation indicates a disinclination or unwillingness to appear, almost an admission of lack of arguable merit to respondent's cause. Here the stake of respondent in the outcome clearly does not justify the expense involved in participating in the appeal. The respondent is in the

position of Mr. In-Between. He has no claim to an indigency status that would make available to him the services of a legal aid society, Judicare or a neighborhood law center. He is not in the category of the very well off who can afford litigation no matter how slim the benefits of a favorable outcome. By the use of sec. (Rule) 251.57, Stats., he is penalized for being neither very poor nor very rich. It is clear that he is better off to buy another jalopy than to carry further the fight he won in the trial court.

However, this case does not involve just one purchaser of one second-hand automobile. If it did, the finance company would have brought no appeal. It involves all Wisconsin purchasers for value under similar circumstances. In at least somewhat similar situations, this court has refrained from using sec. (Rule) 251.57, Stats., to reverse and has dealt with the issue presented on the merits. It has done so because the issue raised on appeal was one of "considerable public concern," [1] because a reversal would be a "manifest injustice," [2] because ". . . the presumption in favor of an order of the circuit court is such that we prefer to consider the appeal on the merits," [3] because it was ". . . somewhat hesitant to perfunctorily reverse a judgment of a trial court which undoubtedly gave the case careful consideration before entering such judgment," [4] because it is of importance to ". . . have an expression from this court to guide trial courts in similar instances." [5] All of these considerations suggest dealing with the present case on its merits.

This court has decided cases on appeal on points of law not raised in the trial court, not mentioned in the trial court decision, not referred to in briefs or arguments of

[1] *Madison v. Pierce* (1954), 266 Wis. 303, 306, 62 N. W. 2d 910.
[2] *Household Finance Corp. v. Christian* (1959), 8 Wis. 2d 53, 54, 98 N. W. 2d 390.
[3] *Gillard v. Aaberg* (1958), 5 Wis. 2d 216, 218, 92 N. W. 2d 856.
[4] *Nagel v. Philipsen* (1958), 4 Wis. 2d 104, 107, 90 N. W. 2d 151.
[5] *Carlyle v. Karns* (1960), 9 Wis. 2d 394, 397, 101 N. W. 2d 92.

either counsel on appeal.[6]  On occasion, this is unavoidable, but it casts a cloud on the reluctance in this case to rule on the merits where the appellant's brief and the trial judge's decision present the two sides of the issue involved.  The respondent does not stand unarmored or defenseless in this courtroom.  He has as sword or shield the decision of the trial judge who tried the case, heard the arguments of counsel for both sides, and ruled in favor of the defendant-respondent.  As to the respondent who bought the car, the use of sec. (Rule) 251.57, Stats., does not defer the issue.  What he has to lose he loses by the reversal of the judgment he secured in the trial court.  He did not lose on the merits, but the finance company now has the car.

---

[6] In *Andrzejewski v. Northwestern Fuel Co.* (1914), 158 Wis. 170, 148 N. W. 37, this court stated at pages 181, 182: "This court's duty is not limited by the reasons assigned for reversing or sustaining a decision complained of. It extends as far as the justice of the case, as shown by the record, requires. To see that justice prevails is the overshadowing controlling function of the court."