WEIHBRECHT, Appellant, v. LINZMEYER and others, Respondents.

*January 7—February 4, 1964.*

376

For the appellant there were briefs by *Cornelisen, Denissen, Kranzush & Kuehn,* and oral argument by *David J. Condon,* all of Green Bay.

For the respondents the cause was submitted on the brief of *Davis, Soquet & Cherney* of Green Bay.

GORDON, J.

*Extension of Time on Motions After Verdict.*

The trial court ordered a new trial unless the plaintiff exercised the option to accept damages reduced from the jury's award of $42,415.77 to $12,443.02. The order of the trial court was made on April 11, 1963, which was over sixty days after the verdict was rendered. The first question to be resolved on this appeal is whether the trial court retained the right to rule on a motion to set aside the verdict and grant a new trial. Sec. 270.49 (1), Stats., provides in part that such a motion "must be made and heard within sixty days after the verdict is rendered."

The appellant points out that the order which was entered by the trial court on February 6, 1963 (fifty-six days after the verdict was rendered), was effected without notice and without cause shown by affidavit. It is the appellant's contention that under sec. 269.45 (1), Stats., the cause for the extension of time must be shown by affidavit. She also contends that the entitlement to notice is inherent in due process.

In our opinion, the order extending the time for deciding motions after verdict was properly made by the trial court. The matter is governed not by sec. 269.45 (1), Stats., but rather by sec. 270.49 (1). The latter statute permits the trial court to enter such order *ex parte* and without an affidavit. Sec. 270.49 (1) does require that "cause" be evidenced, but this can be done without the use of the word "cause" or any other special terminology. So long as the order reflects the reasons for the entry of the order and so long as such reasons fairly constitute cause, the extension order qualifies under sec. 270.49 (1), even though it is made without notice and even though it is not based upon an affidavit. *Harweger v. Wilcox* (1962), 16 Wis. (2d) 526, 532, 114 N. W. (2d) 818. The appellant relies on *Boyle v. Larzelere* (1944), 245 Wis. 152, 13 N. W. (2d) 528, which case contains language that cannot be harmonized with our holding in *Harweger, supra*. The *Harweger Case* followed the *Boyle Case*, and, so far as they are in conflict, the *Boyle Case* is deemed modified by the *Harweger Case*.

The extension of time to decide motions after verdict is a matter of procedure. *Briggson v. Viroqua* (1953), 264 Wis. 40, 45, 58 N. W. (2d) 543, suggests that notice is not a right of due process in matters which are purely procedural.

### The Damages.

The trial court made a major reduction in the damages which could be received by the plaintiff. Judge GLEASON thoroughly analyzed the medical evidence, and we are persuaded that there was no abuse of discretion in the trial court's order with reference to damages.

At the time of the impact, the plaintiff was thrown backward and then forward by the impact, and she testified that

she thereafter felt discomfort in her neck, which pain later began moving down her spine. After the accident, she and her daughter-in-law walked back to their home. Loretta was crying and complaining about the pain in her neck. The testimony is in conflict, but the trial judge concluded that Loretta was admitted to the hospital on February 6, 1959, the day after the accident. Loretta was hospitalized about two weeks, and on her release she purchased a belt-type traction device which she has used every night since the accident, except for periods of hospitalization. She also uses an orthopedic mattress with a board underneath it. She was later hospitalized for two days in August of 1959, and she was also given traction and orthopedic treatment.

She returned to the hospital for the third time in March, 1960, when a myelogram was taken. Surgery was performed on that occasion, and a herniated disc was located and removed. Loretta was hospitalized about twelve days on this occasion in March of 1960. She returned to the hospital on December 18, 1960, and remained there until December 24, 1960, and while there received traction and orthopedic treatment. She was hospitalized for the fifth time from February 28 to March 8, 1961, and a sixth time from the 19th to the 31st of July, 1961. From December 24 to December 27, 1961, she was hospitalized, and again from December 8 to December 10, 1962, when she was released to attend the trial but under the condition that she wear a cervical collar.

Loretta's primary complaints since the accident have been pain and stiffness in the back and neck. She has been unable to sleep well because of the traction device, and she has lost the sense of pressure in her hands, with the consequence that she is apt to drop things without knowing it. Her weight has dropped from 235 pounds at the time of the accident to 145 pounds at the time of the trial, and Loretta attributed the weight loss to pain.

The testimony of the several physicians who treated Loretta is in conflict as to the extent and nature of her injuries, and there also is a conflict in the opinion of the medical experts as to what occurrences Loretta's symptoms may be attributed. There is evidence that Loretta sustained injuries to her back in an automobile accident in May, 1955, and a further back injury in an automobile accident in August, 1957. One doctor testified that, in his opinion, Loretta would require two weeks per year of hospitalization for the rest of her life.

Loretta had been employed as a presser for three days at the time of her injury, and her rate of pay from this employment with Lindeman's Cleaners was $1 per hour. She had previously worked outside the home on various employments but had not been working for some time prior to taking the employment with Lindeman's Cleaners. Loretta is a woman of limited education and has no special training or skill. At the time of the trial she was fifty-four years of age.

There is evidence that Loretta suffers from ailments other than her back condition, such as asthma. She has been hospitalized on a large number of occasions prior to the 1959 accident. There was medical testimony that Loretta is not able to engage in any work except that of a sedentary nature.

As previously noted, the trial court meticulously examined the evidence as to damages. It was noted that there was a relatively minor impact. We agree with the following expression on the part of the trial judge:

"If the medical testimony most favorable to the plaintiff is accepted, namely, that of Dr. Warpinski and Dr. Oudenhoven that she had a herniated disc (and which was removed by surgery), there are no special circumstances distinguishing such injury from that of any ordinary herniated disc.

"The sum of $42,415.77 includes not only loss of earnings but also an award for past and future pain, suffering, and discomfort, and it is the conclusion and judgment of the

Court that such sum, considering all of the items of damage which it is intended to cover, is excessive, because the evidence will not support the same. Even under the rule that the evidence must be considered in the light most favorable to the plaintiff, the total award is declared excessive, because the evidence, considered in that light, will not support it."

## The Cross Appeal.

On their cross appeal, the respondents have asked us to determine that the plaintiff and her daughter-in-law were negligent as a matter of law. This argument is based upon the fact that the plaintiff's daughter-in-law failed to park as near to the curb as was possible and that the plaintiff remained in the car without complaining even though she should have known the parking was improper. Linzmeyer also contends that he was not entirely at fault because another automobile nearby was expelling exhaust fumes. We find no merit in these contentions. The jury reasonably concluded that the daughter-in-law was not negligent with respect to the position in which she stopped her automobile, and the evidence supports the finding that Linzmeyer was solely at fault.

The respondents on cross appeal further argue that there was improper argument to the jury on the part of plaintiff's counsel and that a new trial should be granted. The precise verbiage of the alleged improper argument does not appear in the record, but the record does disclose the general nature of such argument, and we have recited the circumstances earlier in this report. Based thereon, we find no merit in this contention. In each of the two instances of which the respondents complain, the court sustained the objection and properly instructed the jury in regard thereto. We agree with the trial court that the remarks of counsel were improper but not prejudicially so.

We conclude that the order of the trial court should be affirmed both as to the plaintiff's appeal and as to the cross

appeal. The defendants Linzmeyer and Travelers Indemnity Company are entitled to costs, but not for the last 10 pages of their brief which relate to their cross appeal.

*By the Court.*—Order affirmed.