STATE EX REL. MS. M., Plaintiff-Appellant, v. CATALANO, Defendant-Respondent.

*No. 75–411. Submitted on briefs November 2, 1977.—*
*Decided January 3, 1978.*
(Also reported in 260 N.W.2d 791.)

---

[28] Appellant's Brief at 31.

For the appellant the cause was submitted on the brief of *Alan D. Eisenberg, S. C.* of Milwaukee.

For the respondent the cause was submitted on the brief of *Henry G. Piano,* attorney, and *Thomas A. Bambrick,* of counsel, both of Milwaukee.

DAY, J.   This is an appeal from an order granting a new trial in a paternity action. The plaintiff-appellant, Ms. M. (hereinafter plaintiff) alleged that the defendant-respondent, Robert Catalano (hereinafter defendant) was the father of her child. The jury returned a verdict that the defendant was the father. The defendant moved for a new trial and the trial judge granted the motion. The plaintiff appealed from the court's order granting the new trial.

The issues in this case are as follows:

1.   Was the order granting the new trial jurisdictionally valid under sec. 270.49 (1), Stats. (1973) ?

2.   Should this court exercise its discretion under sec. 251.09, Stats. (1973) and grant a new trial?

The plaintiff claimed that the defendant was the father of her child, born April 2, 1970 and weighing seven pounds, five ounces. Under sec. 891.395, Stats. (1975), if a child weighs more than five and one-half pounds at birth, that child is presumed to have resulted from a full term pregnancy and the conception of the child is presumed to have occurred between 240 and 300 days prior to the date of birth. Therefore, the plaintiff's child is presumed to have been conceived between June 5th and August 4, 1969.

The plaintiff testified that the defendant lived with her for three months beginning in June of 1969 and had sexual relations with her every day during that period.

During the conception period, the plaintiff testified that she had intercourse with only one person, the defendant.

During the conception period other males visited the plaintiff's apartment. There were a number of other people coming in and out of the plaintiff's apartment, including male friends of the plaintiff's roommates who stayed overnight.

During the conception period, the plaintiff smoked marijuana, and experimented with a number of other drugs. The plaintiff claimed to have no lapse of memory due to her drug usage during the conception period.

The plaintiff had three roommates during the summer of 1969. They testified that the defendant lived with and slept with the plaintiff during that summer. One of the roommates later lived with the plaintiff at two other locations and testified that the defendant visited the plaintiff at those locations thirty to forty times.

The defense did not present a case, but the defendant was called adversely and testified that he had been living with his grandparents during the conception period and had only stayed at the plaintiff's apartment occasionally. The defendant did not deny having sexual intercourse with the plaintiff during the conception period, but did not remember whether he had or not. The defendant admitted having intercourse with the plaintiff ten to fifteen times, but did not remember whether it was during the conception period. The defendant also did not remember whether he had kept his belongings at the plaintiff's apartment during the summer of 1969.

On October 30, 1974 the jury returned a verdict, with two jurors dissenting, finding that the defendant was the father of the child.

The defendant moved for a new trial on December 3, 1974. The plaintiff was to file a brief on motions after verdict by December 16, 1974. The defendant was to file a reply brief by December 30, 1974. According to

a letter to both plaintiff's and defendant's counsel from Judge McCormick, the plaintiff's brief was mailed to opposing counsel on December 26, 1974 and filed December 31, 1974. The defendant's reply brief was mailed to Judge McCormick on January 21, 1975 and filed on January 22, 1975.

On March 22, 1975 the trial court, on its own motion, extended the time to file a memorandum decision in this case for ninety days. There were no appearances for either party on March 22, 1975. The record does not show any cause for the extension.

On May 20, 1975 the trial court granted the defendant's motion for a new trial in the interest of justice and because the verdict was contrary to the evidence. The trial court did not analyze the defendant's testimony other than to find that it was not incredible. But the trial court did find that the plaintiff's testimony was incredible because she testified that her memory was unaffected even though she had experimented with several drugs.

*Trial Court Jurisdiction.*

The plaintiff contends that the trial court lacked jurisdiction to grant a new trial on May 20, 1975. Sec. 270.49 (1), Stats. (1973) provides that,

"A party may move to set aside a verdict and for a new trial because of errors in the trial or because the verdict is contrary to law or to the evidence, or for excessive or inadequate damages or in the interest of justice; but *such motion must be made and heard within 2 months after the verdict is rendered,* unless the court by order made before its expiration extends such time for cause. *Such motion, if not decided within the time*

*allowed therefor, shall be deemed overruled. . . ."* (Emphasis supplied.) [1]

The order extending the time for granting the new trial must be entered before the two month period has passed. *Boyle v. Iarzelere,* 245 Wis. 152, 159, 13 N.W.2d 528 (1944).

"So long as the order reflects the reasons for the entry of the order and so long as such reasons fairly constitute cause, the extension order qualifies under sec. 270.49(1), . . ." *Weihbrecht v. Linzmeyer,* 22 Wis.2d 372, 378, 126 N.W.2d 44 (1964).

In this case the verdict was returned on October 30, 1974 and the decision granting a new trial was not filed until May 20, 1975. On March 22, 1975 the trial court, on its own motion extended by ninety days the time to file its memorandum decision. This extension was ineffective because there was no statement of cause for the extension and because the extension was not made within the two month period. *Boyle, supra* and *Weihbrecht, supra.*

The defendant does not rely on the ineffective March 22, 1975 extension, but argues that the trial court extended the time to grant the motion for a new trial on December 2, 1974. On that date, the trial court heard arguments on the motions after verdict and ordered the plaintiff and defendant to file briefs by December 16th and 30th respectively. The trial court did not specifically grant an extension of time on December 2, 1974, but the defendant contends that the briefing schedule necessarily contained such an extension because the two month

[1] Sec. 270.49, Stats. (1973) has been superseded by sec. 805.15, Stats. (1975). But the former section still applies to this case because sec. 805.15, Stats. (1975) only applies where the trial of the action started prior to January 1, 1976. Supreme Court Order 67 Wis.2d 588, 708.

period under sec. 270.49(1), Stats. was to expire at the end of December.

An order enlarging time for the filing of briefs does not by itself extend the two month limitation on granting motions for a new trial. *Bankers Finance Corp. v. Christensen*, 181 Wis. 398, 400, 195 N.W. 319 (1923); *Lingelbach v. Carriveau*, 211 Wis. 653, 248 N.W. 117, 248 N.W. 922 (1933).

The defendant relies on *Paulsen v. Gundersen*, 218 Wis. 578, 585–587, 260 N.W. 448 (1938). In that case the trial court explicitly granted an extension of approximately eleven days for granting motions after verdict. The extension was needed because of the schedule for filing briefs. In this case, the defendant argues that the court impliedly ordered an extension of seven months because the last brief was ordered filed at the end of the two month period. The court never ordered an extension of time for granting the motion when the briefing schedule was announced. Such an order cannot be implied from the briefing schedule and even if the extension were implied, there is nothing in the record that suggests a five month extension.

The defendant also contends that the plaintiff waived her rights to rely on sec. 270.49(1), Stats. (1973) because she did not comply with the trial court's briefing schedule.

In reference to sec. 270.49(1), Stats., this court has stated that,

". . . waiver of rights under the statute could occur where a party expressly requested a judge to delay the time for decision and the judge complied. However, in the absence of an express request to delay the decision,

granted by the trial court, there can be no implied waiver based on the parties' conduct." *Dupler v. Seubert,* 69 Wis.2d 373, 381, 230 N.W.2d 626 (1975).[2]

In this case, there was no request by the plaintiff to delay the trial court's decision and such a request will not be implied.

### Discretionary Grant Of New Trial.

The defendant also contends that even if the trial court was without jurisdiction to grant a new trial, this court should exercise its discretion and grant a new trial under sec. 251.09, Stats., (1975), on the theory there was a miscarriage of justice.

The testimony of the plaintiff showed that the defendant lived at the plaintiff's apartment during the conception period, and that the plaintiff slept with and had intercourse with the defendant during that period. The plaintiff testified that she did not have sexual relations with anyone else during the conception period. The plaintiff's testimony was corroborated by her three roommates.

The defendant exhibited a remarkable lack of recollection while testifying. He admitted having intercourse with the plaintiff ten to fifteen times, but did not remember whether any of those times were during the conception period. The defendant was unable to deny having intercourse with the plaintiff during that time. He could not even remember whether he had his belongings at the plaintiff's apartment during the summer of 1969.

The trial judge granted the defendant a new trial because he thought that the plaintiff's claim that her

---

[2] Accord, *Lingelbach v. Carriveau, supra.*

memory was unimpaired by drug usage "bordered on the incredible." This assertion by the plaintiff caused the trial judge to "strongly suspect" all of her testimony. There was no evidence in the record that the plaintiff's memory was impaired because of any drugs she may have taken. She testified she had no such memory impairment.

We conclude that there will be no miscarriage of justice in this case if the jury verdict is allowed to stand.

*By the Court.*—The order granting the defendant a new trial is reversed and the cause is remanded with instructions to the trial court to enter judgment in accordance with the jury's verdict.