**Matthew F. PURCHAL, Ruth Ann Purchal, husband and wife, and Behlen Manufacturing Company, a Delaware corporation, Appellees,**

v.

**John H. PATTERSON and Alter Trucking and Terminal Corporation, Appellants.**

No. 84–2450.

United States Court of Appeals, Eighth Circuit.

Submitted May 13, 1985.

Decided May 22, 1985.

Elliott R. McDonald, Jr., Davenport, Iowa, for appellants.

George H. Moyer, Jr., Madison, Neb., for appellees.

Before ROSS, Circuit Judge, HENLEY, Senior Circuit Judge, and JOHN R. GIBSON, Circuit Judge.

PER CURIAM.

█ This is an appeal from a jury verdict in favor of plaintiffs in a negligence action arising out of a rear-end collision between two trucks. The case was tried under a pure comparative fault theory.[1] The jury returned special verdicts attributing ten per cent of the total causal negligence to plaintiff Matthew F. Purchal and ninety per cent to defendant John H. Patterson. Defendants contend that these findings are disproportionate and are not supported by the evidence. We disagree and affirm.[2]

Purchal, an over-the-road truck driver, left his employer's plant in Columbus, Nebraska to deliver a load of tractors to On-

tario, Canada. He proceeded into Iowa where he met a friend, Bernard Laska, who was also driving a semitractor-trailer unit. The two trucks traveled together on Interstate 80 with Purchal's truck in the lead.

At about midnight the trucks turned off Interstate 80 onto Interstate 280 and proceeded toward an interchange with U.S. Highway 6. As Purchal went under the Highway 6 viaduct, he saw what appeared to be ground fog ahead and told Laska about this on his citizens band radio. He let up on the accelerator which slowed his truck to about fifty miles per hour and entered the cloud. Upon entering the cloud, he saw the rear end of a truck in the same lane in which he was driving, the right or driving lane. Although he attempted to turn into the passing or left lane, Purchal's vehicle hit the rear end of the other truck. Purchal apparently did not apply his brakes.

The other truck was driven by defendant Patterson. He was delivering scrap metal from Davenport to Wilton, Iowa, and was to travel north on Interstate 280 to Highway 6 and take Highway 6 to Wilton. About a half mile before reaching the Highway 6 viaduct, he heard a pop, pulled his semitractor-trailer unit onto Highway 6 and stopped, and discovered he had two flat tires on the right side of the tractor. Patterson decided to drive his vehicle onto the "trouble lane" of Interstate 280 thinking he would be seen by another of his employer's truck drivers who could then inform his employer's plant to send out a tire truck to replace the flat tires. He therefore pulled across Highway 6, down the on ramp of Interstate 280, and was in the driving lane traveling about fifteen to twenty miles per hour, well below the posted minimum speed of forty-five miles per hour, when he was struck by the Purchal vehicle.

The evidence was contradictory as to whether Patterson's vehicle had its lights

1. The doctrine of pure comparative fault was adopted by the Iowa Supreme Court in *Goetzman v. Wichern*, 327 N.W.2d 742 (Iowa 1982). Subsequent Iowa legislative enactments do not affect this case.

2. The case was tried before The Honorable R.E. Longstaff, United States Magistrate, Southern District of Iowa.

on at the time of the accident. Purchal testified that he saw no lights. Laska, who was on the scene shortly after the accident, stated the lights were not on when he first observed the truck, but that they came on a few minutes later. A highway patrolman found the lights to be in working order while investigating the accident. Two witnesses testified that they saw no lights on Patterson's vehicle when they approached the trucks shortly after the accident. An expert witness for the plaintiffs testified that heat or debris from the flat tires could have shorted out the wires passing over the tires, causing the lights to fail. It was his opinion that the lights could have come back on later due to the impact of the collision or because the automatic reset circuit breaker may have snapped into contact after the vehicle and tires had cooled down.

The testimony and evidence was also in dispute as to whether there was fog in the area that night or whether the tires had caused a cloud of smoke to envelop the rear of Patterson's truck. Both Purchal and Laska saw a fog or smoke cloud just before Purchal entered it and struck the Patterson truck. Both also smelled smoke and Laska saw smoke coming from Patterson's vehicle after the collision. The two witnesses who came on the scene just after the accident stated they did not notice any fog. Patterson denied there was smoke or fog in the area. A weatherman testified that the conditions in the area that evening were conducive to the forming of ground fog.

The jury determined the amount of damages as follows: $878,500.00 for Matthew Purchal; $40,000.00 for Purchal's wife and children for loss of consortium; $53,241.19 for damage to Purchal's truck; and $6,824.50 for damage to Patterson's truck. After making appropriate adjustments to these amounts to reflect the previously mentioned percentages of comparative fault, the magistrate entered judgment. The court denied Patterson's motion for a new trial stating that the jury's findings with respect to the percentages of fault were consistent with the evidence presented.

Patterson's sole contention on appeal is that the jury's finding that Purchal was only ten per cent negligent is not supported by the evidence. He asserts that driving into the rear of another vehicle is indicative of excessive speed, lack of control, and failure to maintain a proper lookout. Patterson asserts that the percentages of comparative negligence found by the jury are disproportionate in view of the facts and urges this court to grant a new trial.

In reviewing the adequacy of the evidence to support the jury's findings of fact, we note that "[t]he Iowa and federal tests of sufficiency of the evidence to support a jury verdict are substantially the same." *Simpson v. Skelly Oil Co.*, 371 F.2d 563, 567 (8th Cir.1967). The verdict will be upheld if it is supported by substantial evidence. *Id.; Baty v. Binns*, 354 N.W.2d 777, 780 (Iowa 1984); Iowa R.App.P. 14(f)(1). Moreover, in comparative fault jurisdictions, courts have generally adopted a standard of limited review when examining a jury's allocation of the percentages of fault. Woods, *Comparative Fault* § 21:2 (1978). Nevertheless, in passing upon a ruling on a motion for a new trial, as opposed to a motion for a directed verdict or judgment n.o.v., a United States district court may exercise "independent judgment after a weighing of all the evidence and any other pertinent factors in determining whether the verdict was against the clear weight of the evidence or would result in a miscarriage of justice." *Simpson*, 371 F.2d at 570. *See generally* 9 C. Wright & A. Miller, *Federal Practice and Procedure: Civil* § 2531 (1971) (discussing difference between motion for new trial and motion for judgment n.o.v.).

In this case, we feel that the trial court properly exercised its judicial function and that its refusal to grant a new trial should stand. We cannot say that the jury's distribution of fault is without substantial evidentiary support or is against the clear weight of the evidence. There was evidence from which the jury could

properly find that Patterson was negligent in operating his vehicle at a speed well below the minimum speed limit, with having defective tires, and with failing to keep his truck off the driving lane when he could have pulled off on the shoulder. It was for the jury to resolve the conflicts in the evidence regarding both the lights and the existence of smoke. The jury could properly have inferred that Patterson's truck lights were either not on or not working at the time of the collision and that his vehicle was obscured by a cloud of smoke from the defective tires.

██ It is true that Purchal may also have been negligent in driving his vehicle into the rear of another. As Patterson contends, such may properly be considered circumstantial evidence of lack of control or failure to keep a proper lookout. *See Mickelson v. Forney*, 259 Iowa 91, 143 N.W.2d 390 (1966). However, the jury's allocation of Purchal's fault at ten per cent after comparing it to Patterson's negligence is not so disproportionate or out of line with the evidence that we feel obliged to upset the verdict.[3] The evidence supports the inference that Patterson's negligence was substantially greater in both degree and quality. In these circumstances, we will not second-guess the jury's distribution of fault or the ruling of the trial court.

The judgment of the district court is affirmed.

**3.** Patterson cites several cases which he says show that courts have often placed a high percentage of negligence on drivers who run into the rear of another vehicle. *See, e.g., Weihbrecht v. Linzmeyer*, 22 Wis.2d 372, 126 N.W.2d 44 (1964). Suffice it to say that we consider each of these cases to be distinguishable on its facts. In none of them was the leading driver's negligence as substantial as Patterson's was here. In addition, we also point out that there are cases where the driver who ran into the back of another vehicle was deemed to be only slightly negligent or not negligent at all. *See, e.g., Werner Transportation Co. v. Barts*, 57 Wis.2d 714, 205 N.W.2d 394 (1973) (evidence that driver of forward truck involved in rear end collision was proceeding at slow rate of speed and without proper tail lights sustained jury's apportionment of 90% of negligence to

such driver and 10% to other driver); *Hackney v. Tower*, 260 Iowa 1101, 152 N.W.2d 257 (1967) (driver who hit rear of truck not negligent); *Harris v. Clark*, 251 Iowa 807, 103 N.W.2d 215 (1960) (reinstating jury verdict finding driver who hit rear of other vehicle not negligent). This is not to say that these cases are directly analogous to the situation at bar. They do show, however, that each case must necessarily turn on its own facts and that merely because one driver has run into the rear of another vehicle does not mean that the driver is substantially at fault in all circumstances.